THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
VOL E. RICHARDSON, Admr., Appellee.

*Opinion filed October 27, 1915.*

1. INHERITANCE ·TAX—*meaning of word "corporation" in the
Inheritance Tax law.* The word "corporation" in the Inheritance
Tax law is broad enough to include municipal corporations of
every character, and the language purports to apply to every cor-
poration not afterwards exempted in ·the statute.

2. SAME—*nature of an inheritance tax.* An inheritance tax is
not a tax upon the property but is a condition which the State
imposes upon the privilege of succeeding to the ownership of the
property, and hence where an estate escheats to a county an in-
heritance tax thereon is not a tax on the property of the county
but is a limitation on the right of the county to succeed to the title.

3. SAME—*when an inheritance tax accrues.* That portion of
an estate which under the Inheritance Tax law vests in the State
accrues immediately upon the death of the decedent, and all ques-
tions concerning it must be determined as of the date of the de-
cedent's death.

4. SAME—*Inheritance Tax law applies to property escheated to
county.* The Illinois Inheritance Tax law applies to the property
of an intestate transferred to a county by the Statute of Escheat.

5. ESCHEATS—*Statute of Escheat is part of the intestate laws
of the State.* The intestate laws of the State are those laws which
govern the devolution of the estates of persons dying intestate, and
include all applicable rules of the common law in force in this
State and all statutes applicable to such estates, including the
Statute of Escheat.

APPEAL from the County Court of Jefferson county;
the Hon. A. D. WEBB, Judge, presiding.

P. J. LUCEY, Attorney General, (CHESTER H. FARTH-
ING, and LESTER H. STRAWN, of counsel,) for the People.

JOEL F. WATSON, and CONRAD SCHUL, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Rebecca E. Galbraith died August 14, 1911, intestate,
leaving no husband, descendant, ancestor or next of kin and
leaving real estate and personal property of the value of

$23,356.93. The debts and cost of administration amounted to $2695.50. The property, under the statute, escheats to the county of Jefferson, in which the decedent lived and where the real estate is situated.

The question in this case is whether there is due from the county an inheritance tax on the property. The statute imposes the tax upon the transfer of any property by will or by the intestate laws of this State to persons, institutions or corporations not specifically exempted. It is insisted that the county does not come within the meaning of the statute because it is an involuntary public corporation established as a part of the government of the State; that its property is not private property but public property, and therefore exempt from taxation. The word "corporation," used in the Inheritance Tax law imposing the tax, is broad enough to include municipal corporations of every character, and the language purports to apply to every corporation not in the statute afterwards exempted. Section 28 is the only section exempting from the tax, and that applies only when the beneficial interest in any property or its income shall pass by grant, gift or otherwise to any hospital, religious, educational, bible, missionary, trust, scientific, benevolent or charitable purpose, or to any trustee, bishop or minister of any church or religious denomination, to be held and used exclusively for the religious, educational or charitable uses and purposes of such church, religious denomination, institution or corporation. The exemption of the property of the county from general taxation is provided by section 2 of chapter 120 of Hurd's Statutes, and it only exempts property used exclusively for the maintenance of the poor, swamp or overflowed lands unsold by the county, public buildings belonging to the county, and the grounds on which such buildings are erected, not exceeding in any case ten acres. We have held that an inheritance tax is not a tax upon the property but is a condition which the State imposes upon the right or privilege of succeeding to the

ownership of the property, and that that portion of the estate which under the Inheritance Tax law vests in the State accrues at the same time the estate vests, immediately upon the death of the decedent, and that all questions concerning it must be determined as of the date of the decedent's death. (*Northern Trust Co.* v. *Buck & Rayner,* 263 Ill. 222; *In re Estate of Graves,* 242 id. 212.) The tax is not a tax upon the property of the county but a limitation upon the county's right to succeed to the title. The right to the amount of the tax vested in the State on the decedent's death, and that amount never became the property of the county. Whether the tax should be imposed upon public municipal corporations was a question for the consideration of the legislature, and no reason exists for giving a construction to the language used different from its natural meaning, which includes such corporations.

It is further argued that this estate having escheated to the county of Jefferson there has been no transfer of the estate within the meaning of the Inheritance Tax law. The transfers on which the tax is imposed, as far as this case is concerned, are those by will or by the intestate laws of this State. The transfer was not by will. If it were, there would be very little ground for the argument that the tax was not due. The intestate laws of the State are those laws of the State which govern the devolution of the estates of persons dying intestate and include all applicable rules of the common law in force in this State. (*Billings* v. *People,* 189 Ill. 472.) They include, also, all statutes applicable to such estates. The Statute of Escheat in express terms refers only to any person who should die seized of any real or personal estate without any devise. It therefore refers only to intestate property and is necessarily a part of the intestate laws of the State.

The tax imposed upon transfers of property by the statute applies to the transfer of the property of an intestate to a county by escheat. The judgment of the county court was

to the contrary, and it is therefore reversed and the cause remanded, with instructions to assess and fix the amount of the inheritance tax.

*Reversed and remanded, with directions.*