(No. 23477.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE ESTATE OF GUILFORD A. STROM.—(WALTER H. STROM, Appellant.)

*Opinion filed April 24, 1936.*

BEN M. SMITH, for appellant.

OTTO KERNER, Attorney General, (MICHAEL F. MULCAHY, and ASHLEY GREENE, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Walter H. Strom, Sr., died intestate on January 23, 1919, a resident of Chicago, Cook county, Illinois. He left surviving as his only heirs two sons, Walter H., Jr., aged about six years, and Guilford A., aged one year and seven months. Guilford died about nine hours after his father's death occurred, and on the same day. Strom, Sr., left an estate, the taxable cash value of which was fixed by an appraiser in an inheritance tax proceeding at $225,255.10, after the allowance of deductions and exemptions. The county judge assessed a tax of $2252.55 to each beneficiary, based upon the amount which each was to receive, and that amount was paid to the county treasurer of Cook county, with the interest then due.

Eugene N. Strom and George A. Strom, brothers of Walter H. Strom, Sr., were appointed administrators of

their deceased brother's estate. They assigned all personal property of the deceased, in their possession, to a bank which qualified and acted as guardian of the estate of Walter H. Strom, Jr. The bank was succeeded by another bank, which latter bank succeeded to the guardianship and subsequently filed a final account and report as such guardian, obtained the approval of the probate court thereof and delivered all property held by it to the ward when he became of age in 1933. There was no probate of the estate of Guilford A. Strom.

On August 6, 1935, the county judge of Cook county entered an order fixing the cash value of the succession, interest and estate of Walter H. Strom, Jr., as $113,297.43, which he was entitled to receive by reason of the death of his brother Guilford. Based upon that amount, $2265.95 was assessed as a tax to the beneficiary. The tax was not paid. Walter H. Strom, the same person as Walter H. Strom, Jr., appealed from the order of the county judge assessing the tax, to the county court of Cook county. The county court recited the facts heretofore stated and set forth a schedule and summary of the personal property and real estate which was transferred to Walter H. Strom, Jr., and held that there was due to the State of Illinois, on January 23, 1919, as and for inheritance, transfer and succession taxes, as a result of the death of Guilford A. Strom, the sum of $2220.90. From that order Walter H. Strom prosecutes this appeal.

The act, hereafter called the Inheritance Tax act, so far as it is applicable to this case, provides in section 1 that "a tax shall be and is hereby imposed upon the transfer of any property, real, personal or mixed or of any interest therein * * * when the transfer is by will or by the intestate laws of this State, from any person dying, seized or possessed of the property while a resident of the State." Ill. State Bar Stat. 1935, chap. 120, p. 2697; Smith's Stat. 1935, chap. 120, p. 2746.

It was claimed by the administrators of the estate of Walter H. Strom, Sr., and by the guardian of the estate of Walter H. Strom, Jr., that there was no estate of Guilford A. Strom to probate, and as heretofore stated, there was no probate of the estate. The contention is now made on behalf of the appellant that as the deaths of Walter H. Strom, Sr., and Guilford A. Strom occurred on the same day it was not possible for Guilford A. Strom to have had possession of or to have transferred any property to his brother; that the second tax is therefore based merely upon a theoretical transfer, and that, under such circumstances, a double tax was not within the intention of the legislature.

The beneficial interest which Walter H. Strom, Jr., received upon the death of his brother was not remote, contingent or dependent upon the happening of any other event. What is meant in the decisions which hold that the ownership of the property giving rise to the right to tax must be a practical and actual ownership, is that the ownership must be real and definite as distinguished from an expectancy or contingent interest which may never vest. (*People* v. *McCormick*, 208 Ill. 437.) An estate is vested when there is an immediate right of present enjoyment or a present fixed right of future enjoyment. It carries with it the seizin in law or in equity, according to the character of the estate. (*Pearson* v. *Hanson*, 230 Ill. 610.) An estate is vested in possession when there exists a right of present enjoyment. (*Golladay* v. *Knock*, 235 Ill. 412.) Even where an administrator is appointed to administer an estate of an intestate he has only the naked legal title to the personal estate and has only the right to apply the estate to the payment of debts and expenses of administration, if any. The surplus or equitable interest vests in the heir or heirs at law. If there are no debts it is unnecessary to appoint an administrator. (*Anderson* v. *Shepard,* 285 Ill. 544; *Moore* v. *Brandenburg,* 248 id. 232.) The State has a vested financial right in the estate equal in de-

gree to that of the personal representative, the heir or devisee of the decedent, and the tax is due at the date of the death of the decedent. *National Safe Deposit Co.* v. *Stead,* 250 Ill. 584.

If an inheritance tax is otherwise properly assessable, the fact that there was only a short interval between the death of the father and that of the son Guilford, would not defeat the right of the State to assess the second succession tax. The Federal estate tax law and the succession laws of certain States exempt from taxation transfers of property which has been taxed upon a transfer within a more or less recent period, as the particular statutes provide, but such provisions are exemptions and there is no such exemption in this State. It is the right to receive the property by descent or devise which the State taxes. The estate itself is not taxed. (*Northern Trust Co.* v. *Buck & Rayner,* 263 Ill. 222.) Such right arises out of the principle that property rights cease upon the death of the holder thereof. (*People* v. *McCormick,* 327 Ill. 547.) The State taxes such an interest at death, for succession tax purposes, in all property of a resident decedent, within its jurisdiction, and in all his personal property wherever situate. The Inheritance Tax act provides that all property so transferred, whether under the Statute of Wills or the Statute of Descent, shall be subject to a tax at certain specified rates, which shall be due at and as of the date of the death of the decedent. *People* v. *Flanagin,* 331 Ill. 203; *People* v. *Northern Trust Co.* 330 id. 238; *People* v. *Kellogg,* 268 id. 489; *In re Graves' Estate,* 242 id. 212; *People* v. *McCormick, supra; Northern Trust Co.* v. *Buck & Rayner, supra.*

The words "seized" and "possessed" are used in the first section of the Inheritance Tax act. These words are in general use, but are susceptible of various constructions. There may be a legal or constructive possession even though there is no actual possession. The possession may exist

merely in contemplation of law. The intention of the legislature in construing an act is to be gathered from the necessity or reason of the enactment, and the meaning of the words used enlarged or restricted according to the true intent. (*Furlong* v. *South Park Comrs.* 320 Ill. 507; *People* v. *Sholem,* 238 id. 203; *People* v. *City of Chicago,* 152 id. 546.) As used in the Inheritance Tax act it is not required that the property which is the basis of the tax be in the manual possession of the owner or reduced to possession by those who represent him, if he cannot act for himself, in order that the right to tax may attach. Neither the age nor condition of the beneficiary would affect the transfer of the beneficial interest, as the right to the tax vests at the moment of death *ipso facto* by mere operation of law. The language of the statute is "When the transfer is by will or by the intestate laws of the State." No manual transfer is required. The right of the State to the tax vests before there is any physical or legal act transferring the property. *National Safe Deposit Co.* v. *Stead, supra.*

Upon the death of Walter H. Strom, Sr., therefore, all his property rights ceased and the right to tax the beneficial interest which was transferred by operation of law, arose. His two minor sons succeeded to his property and estate, and a tax was paid upon the beneficial interest which each received. Upon the death of Guilford his right to any property he had received from his father's estate ceased and passed to his brother. The right to this latter beneficial interest was subject to a tax. (*National Safe Deposit Co.* v. *Stead, supra.*) It is not within the power of the court to remit the tax. *People* v. *Baldwin,* 287 Ill. 87.

The second tax was properly assessed, and the judgment of the county court is affirmed.

*Judgment affirmed.*