(No. 31104.— )

The Board of Regents of the University of Wisconsin *et al.*, Appellants, *vs.* The State of Illinois, Appellee.

*Opinion filed Sept. 22, 1949—Rehearing denied November 21, 1949.*

Thomas E. Fairchild, Attorney General of the State of Wisconsin, and George I. Haight, of Chicago, (Charles H. Lerch, and Warren H. Resh, both of Chicago, of counsel,) for appellants.

Ivan A. Elliott, Attorney General, of Springfield, (William C. Wines, Raymond S. Sarnow, and James C. Murray, all of Chicago, of counsel,) for appellee.

Mr. Chief Justice Thompson delivered the opinion of the court:

This is an appeal from the county court of Cook County, which affirmed an assessment of inheritance taxes

made by the county judge of said county upon the passing by will of the residue of the estate of one Kemper K. Knapp, deceased, who died testate, a resident of Cook County, on February 23, 1944. The executors of the will filed an inheritance tax return on February 17, 1945, to which return was appended a written protest to the assessment of any tax which might be levied in respect to the passing of the residue of said decedent's estate. The residue amounted to $2,471,758.49, and was, by the eighth clause of the will, given to the Board of Regents of the University of Wisconsin.

On a hearing before the county judge an order was entered assessing inheritance taxes of $714,097.55. Objections were filed to the assessment and on a hearing in the county court of Cook County, the facts being stipulated, the court found that the Board of Regents of the University of Wisconsin is the State of Wisconsin for all purposes relevant to this case; that the gift was, in substance, a gift to the State of Wisconsin; that the University of Wisconsin is within the purview of the taxing provisions of the Illinois Inheritance Tax Act imposing a tax upon persons, institutions or corporations, (Ill. Rev. Stat. 1943, chap. 120, par. 375 *et seq.*,) and entered an order confirming the assessment of the tax. This cause is now before us on direct appeal, the revenue of the State being involved.

It is the contention of appellants (1) that the act does not provide for a tax upon a bequest to a State and therefore does not cover the bequest here involved; (2) that the assessment in question is unconstitutional; and (3) that the Illinois Inheritance Tax Act cannot be applied against a sovereign State of the United States.

Appellants urge the questions before the court are: First: Does the Illinois Inheritance Tax Act by its terms provide for a tax upon a bequest to a sister State? Appellants contend that the State of Wisconsin is not a "person"

or an "institution" or a "corporation" within the meaning of the act. Second: Can the Illinois Inheritance Tax Act constitutionally provide for a tax on a sister State? Appellants contend that as a sovereign the State of Wisconsin cannot be taxed by the State of Illinois. This, of course, presents for determination the question of whether or not the bequest here was one to a "person," "institution," or "corporation," within the meaning of the Illinois Inheritance Tax Act, and whether or not Illinois can impose her inheritance tax on a bequest to the Board of Regents of the University of Wisconsin.

Appellants contend the Illinois act has no application to the instant bequest, citing the following language of the act: "A tax shall be and is hereby imposed upon the transfer * * * to. persons, institutions or corporations, not hereinafter exempted, * * *." (Ill. Rev. Stat. 1943, chap. 120, par. 375.) Appellants waive and renounce any rights to exemption under the act and rely solely on the proposition that the act has no application whatever. They rely on the well-settled rule that in construing statutes words must be given their commonly accepted meaning and that courts may not extend the clear meaning expressed in the terms of the statute. They point to the absence of the word "State" in the pertinent section of the statute quoted above and contend that because the legislature did not use the word "State" in other sections of the act, its absence in the taxing section must be taken as excluding Wisconsin from the purview of the act.

We are unable to grasp the importance of this contention in view of the act and the bequest, which, in part, reads as follows: "I direct my executor and my trustee to pay and turn over to the Board of Regents of the University of Wisconsin all the rest, residue and remainder of my estate." That the legatee named is a corporation is not only undisputed, but is expressly so declared by the statute of Wisconsin, which provides: "The Board of Re-

gents and their successors in office shall constitute a body corporate by the name of the 'Regents of the University of Wisconsin'." That the named legatee is also an instrumentality of Wisconsin forms the only basis of appellants' contention, but this in no way restricts the plain language of the statute of Wisconsin which created the corporate entity nor lessens the import of the plain language of the bequest which directed the payment of the residue to be made to the Board of Regents of the University of Wisconsin.

It is appellee's position that a corporation is not excluded from the application of the act by virtue of its being an instrumentality of a State, and counsel cite the case of *People* v. *Richardson,* 269 Ill. 275. In the *Richardson case* a tax was assessed on an escheat to an Illinois county, and the county resisted on the ground that public corporations were not within the act. We held in that case the term "corporation," as used in the Inheritance Tax Act, was broad enough to include municipal corporations of every character and that the act applied to every corporation not afterwards exempted in said act.

Appellants seek to differentiate this case on the ground that the county was a corporation, but that Wisconsin was not. We find here a close analogy between an escheat to a county which, incidentally, is an arm of the State and the bequest in the instant case to the Board of Regents which is also, incidentally, an arm of the State of Wisconsin.

Further, in view of the amendment of the act in 1939, (Ill. Rev. Stat. 1939, chap. 120, par. 401,) which specifically exempted the State of Illinois and its political and corporate instrumentalities from the proper operation of the act, it would seem that appellants' contention as to the absence of the word "State" from section 1 of the act is not founded on a sound basis. This legislation presents a clear inference that the State and its instrumentalities are included in the act unless specifically exempted. We find

further support in the case of *United States* v. *Perkins,* 163 U.S. 625, 16 Sup. Ct. Rep. 1073, which holds the United States is within the word "corporation" as used in the New York act imposing an inheritance tax upon "persons" or "corporations" not exempt by law from taxation. From what we have above pointed out it is apparent that the act applies to the State of Wisconsin or its instrumentalities.

We are next confronted with the controlling question as to whether the Illinois act is constitutional as applied to the legacy here. It is the contention of appellants that the act is unconstitutional for the reason that Illinois may not impose legislation upon Wisconsin as applied to this legacy, that Wisconsin is a sovereign State and that Illinois cannot, as against her, impose restrictive legislation. That this is correct as an abstract proposition of law is amply supported by the authorities cited. (*Kansas* v. *Colorado,* 206 U.S. 46, 27 Sup. Ct. 655.) As applied to the instant contention, however, the only question seems to be whether the Illinois Inheritance Tax Act, as applied to the gift in question, violates those principles.

Appellants first assert that the Illinois act levies a tax upon the right to receive and not on the property itself. That is the well-settled rule in this State. (*In re Estate of Johnson,* 389 Ill. 425; *People* v. *Moses,* 363 Ill. 423; *People* v. *Estate of Strom,* 363 Ill. 241; *People* v. *Varel,* 351 Ill. 96; *People* v. *Tombaugh,* 303 Ill. 591.) Appellants then contend that the right to receive the legacy in question arises from the sovereignty of Wisconsin and the right as given to the Board of Regents of the University of Wisconsin by the statutes of that State is a sovereign right on which Illinois may not impose her legislation. No cases are cited on that point, but we find the decisions are to the contrary. In *Kochersperger* v. *Drake,* 167 Ill. 122, this court said: "The laws of descent and the right to devise and take under a will within the State of Illinois

owe their existence to the statute law of the State." To this same effect are *National Safe Deposit Co.* v. *Stead,* 250 Ill. 584, and *People* v. *Estate of Strom,* 363 Ill. 241. We further find the Federal decisions are in accord. In *Mager* v. *Grima,* 49 U.S. 487, 489, in discussing a State tax on legacies to aliens, the court said, "Now, the law in question is nothing more than an exercise of the power which every State and sovereignty possesses, of regulating the manner and term upon which property real or personal within its dominion may be transmitted by last will and testament, or by inheritance; and of prescribing who shall and who shall not be capable of taking it. * * * And if a State may deny the privilege altogether, it follows that, when it grants it, it may annex to the grant any conditions which it supposes to be required by its interests or policy." In harmony with this decision are *Plummer* v. *Coler,* 178 U.S. 115, 20 S. Ct. 829, *United States* v. *Perkins,* 163 U.S. 625, 16 Sup. Ct. 1073, *United States* v. *Fox,* 94 U.S. 315. These decisions would seem to fix Wisconsin's right to receive the present legacy as a creature of, and arising from, the statutes of Illinois as against the claim that such right arises from Wisconsin's sovereignty. This court has held that the State has a vested financial right in the estate of every decedent in this State which is subject to the payment of an inheritance tax, and such right is equal in degree to that of the personal representative, the heir or devisee of the decedent, and it vests at the same time that the interest of the personal representative, heir or devisee vests. (*National Safe Deposit Co.* v. *Stead,* 250 Ill. 584.) Further, in the case of *Northern Trust Co.* v. *Buck & Rayner,* 263 Ill. 222, this court said, "That portion of the estate which under the Inheritance Tax law vests in the State by mere operation of law becomes severed from the remainder of the estate and cannot pass either by descent or devise." In view of these decisions, the charge of the act can reasonably be said to be one against the donee only

in that it incidentally operates to reduce his share. This would not seem to impose a direct burden on the donee or the State of Wisconsin. We are of the opinion that such rights as Wisconsin and its Board of Regents take in the legacy in question arise from and are created by the statutes of Illinois.

It is apparent after reading the many cases cited for the appellants and appellee that great reliance is placed by appellee on the *Perkins case,* above cited, where the State of New York assessed an inheritance tax on a legacy to the United States, and there a question analogous to the instant one arose in the language of the court, "whether it is within the power of the State to tax bequests to the United States." The court held that the tax there was not against the property itself, but upon the power of the testator to bequeath his property and therefore was lawful in the case of a legacy to the United States. The holding was grounded on the theory that the legacy became the property of the United States only after diminution in the amount of the tax "and it is only upon that condition that the legislature assents to a bequest of it." For that reasons, it was held not objectionable as a tax upon the property of the United States. In the present case, as disclosed by the Illinois cases, (*National Safe Deposit Co.* v. *Stead,* 350 Ill. 584, and *Northern Trust Co.* v. *Buck & Rayner,* 263 Ill. 222,) the legacy passes only after diminution in the amount of the tax. The tax here under the rationale of these cases is not on the property of Wisconsin and is within the doctrine of the *Perkins case.*

Appellee cites the case of *Plummer* v. *Coler,* 178 U.S. 115, 20 S. Ct. 829, where an inheritance tax was assessed against a legacy containing United States government bonds, which were, by Federal statute, exempt from taxation. The court upheld the assessment, and, in discussing the *Perkins case,* said, "One of the propositions recognized in that case applicable to the present one is that a state

tax that would be invalid if imposed directly on a legacy to the United States, may be valid if the amount of the tax is taken out of the legacy before it reaches the hands of the government—the theory of such a view apparently being that the property rights of the government do not attach until after the tax has been paid, or until the condition imposed by the tax law of the state has been complied with." From this language the appellants seek to infer that a tax like that of Illinois on the right to receive would be invalid as applied to a legacy to a sovereign State. Appellants point out that the tax in the *Plummer case* again was on the right to transmit, not on the right to receive. It is apparent the controlling consideration in the *Plummer case,* as in the *Perkins case,* was whether the tax was applied to property in the hands of the government, and that the theory of the application of the tax was of no controlling importance. The *Plummer case* seems to support the assessment in the instant case under the Illinois act as interpreted by this court.

We find considerable discussion as to the holding in the case of *Snyder* v. *Bettman,* 190 U.S. 249, 23 S. Ct. 803, where the pertinent question was whether the Federal government had power to impose a succession tax on a legacy to a municipal corporation of a State which, although factually converse, is closely analogous to the question presented here. In the *Snyder case* it was conceded that the Federal government had no power to regulate the devolution of property and the power to impose the tax was found in the general taxing powers of the Federal government. Upon the question of the power of the United States to tax a bequest to a State or one of its municipal corporations, the court said: "Conceding fully that Congress has no power to impose a burden upon a state or its municipal corporations, the question in each case is whether the tax is direct or incidental; since we have had frequent

occasion to hold that the imposition of a tax may indirectly affect the value of property to the amount of the tax without being legally objectionable as a direct burden upon such property." And the court in this case, saying "Having determined, then, that Congress has the power to tax successions; that the states have the same power, * * * and that the exercise of that power in neither case conflicts with the proposition that neither the Federal nor the state government can tax the property or the agencies of the other, since, as repeatedly held, the taxes imposed are not upon property, but upon the right to succeed to property," then upheld the tax on the ground that it was extracted from the property in the hands of the executor and was not objectionable as a tax upon a municipality, even though it operated incidentally to reduce the bequest.

Appellants seek to differentiate on the ground that the tax there operated on the property of the testator, not the donee, and that the act there required the executor to pay the tax before distribution. Such a differentiation cannot be reconciled with the holdings of this court that under the Illinois act the tax vests in the State and is severed at the moment of the testator's death, and in view of the strict requirements of the Illinois act that the executor pay the tax before distribution. Ill. Rev. Stat. 1947, chap. 120, pars. 378, 379.

After a careful analysis of the many cases cited and the provisions of the statute involved herein, the rule seems to be settled that the right to receive an Illinois legacy is a creature of the State of Illinois; that the State's right to the amount of the tax vests at the moment of the death of decedent and is equal to that of legatees; that the tax is extracted from the legacy before it passes and therefore the tax as assessed here is not a direct burden upon the Board of Regents of the University of Wisconsin or upon Wisconsin, even though it incidentally reduces the legacy.

We are of the opinion that the instant case is within the test announced in the *Perkins case* and approved in the *Plummer* and *Snyder cases,* and that the tax was properly assessed. In accordance with our views as hereinabove expressed, the judgment of the county court of Cook County is affirmed.