(No. 31105.— )

IN THE MATTER OF THE ESTATE OF ERNEST A. HAMILL, Deceased.—(ALFRED E. HAMILL *et al,* Appellants, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.)

*Opinion filed Sept. 22, 1949—Rehearing denied November 21, 1949.*

218

Gardner, Carton & Douglas, of Chicago, (Alfred T. Carton, James A. Velde, and Bruce L. Carson, all of Chicago, of counsel,) for appellants.

Ivan A. Elliott, Attorney General, of Springfield, (William C. Wines, James C. Murray, and Raymond S. Sarnow, all of Chicago, of counsel,) for appellee.

Mr. Justice Fulton delivered the opinion of the court:

This is an appeal by two residuary legatees from the order of the county court of Cook County reassessing inheritance taxes in the estate of Ernest A. Hamill and refusing to refund the entire inheritance taxes previously paid.

Ernest A. Hamill died on January 14, 1927, leaving as his heirs his widow, Eliza C. Hamill; his son, Alfred E. Hamill; and his granddaughter, Elise C. Williamson, who was the daughter of a deceased daughter. By his will he made many gifts, and under section 8 thereof he left one half of his residuary estate in trust to pay the income to

his widow for life and gave his widow general testamentary power of appointment over the remainder, and provided for a gift over in default of appointment "to her heirs * * * who shall be my direct descendant or descendants, *per stirpes*." An inheritance tax proceeding was held before the county judge of Cook County and an order was entered on July 14, 1927, assessing and fixing an inheritance tax of $281,084.99 on all transfers made by the will. No appeal was taken from this order. This tax, less a reduction of 5 per cent as a discount then allowed by law, was paid on the following day, making a net payment of $267,030.74. This same order assessed the remainder subject to the widow's power of appointment under section 25 of the Inheritance Tax Act and assumed a transfer of the entire remainder to the decedent's son and valued it at $740,721.65. The tax assessed on this assumed transfer was $103,701.31, and after deducting the 5 per cent discount there was a net tax payment of $98,516.24.

Eliza C. Hamill, the decedent's widow, died on July 11, 1947. By her will which was admitted to probate she expressly refrained from exercising the power of appointment contained in section 8 of her husband's will. Her only heirs were her son and her granddaughter, who are the petitioners herein, both of whom were direct descendants of the testator. These petitioners, Alfred E. Hamill and Elise C. Williamson, each became entitled to one half of the residue under section 8 of the will of Ernest A. Hamill, and the petitioner, Alfred E. Hamill, became entitled to the entire residue under section 9 of the will.

A petition was filed by these heirs for a reassessment of the inheritance tax in the Ernest A. Hamill estate under section 25 because the tax which had been assessed upon this remainder provided by section 8 of the will was assessed upon the assumption that the same would pass to only one of the petitioners, when it, in fact, passed to both of them, thereby reducing the tax thereon. In their

petition for reassessment they also asked for the return of all the taxes paid upon this remainder for the reason that the remainder, being subject to a power of appointment, was not taxable at the death of the donor of the power, but was taxable upon the transfer resulting from the donee's exercise or failure to exercise the power. The People answered the petition and admitted that the petitioners were entitled to a reassessment of the inheritance tax assessed upon the remainder in the amount of $21,269.29, with interest at the rate of 3 per cent per annum from July 15, 1927, based upon it passing to both of them rather than one of them. The People further answered that the order of July 14, 1927, was the law of the case and that, since no appeal had been taken from the order assessing the tax, no refund was due the petitioners for improper assessment of tax on the remainder subject to the power of appointment in the donor's estate rather than in the donee's estate.

On March 11, 1949, the court reassessed the inheritance tax under section 25 of the statute and ordered a refund to the petitioners in the amount of $21,269.64, with interest at the rate of 3 per cent per annum from July 15, 1927. The order expressly denied the prayer of the petition asking for a finding that no tax was assessable on the transfer of the remainder after the life estate.

Alfred E. Hamill and Elise C. Williamson have appealed to this court, and, a question of revenue being involved, this court has jurisdiction of the matter.

The appellants contend that the provisions of the inheritance tax statute in force at the time of the death of Ernest A. Hamill did not provide for a tax on a remainder which was subject to a power of appointment. They further contend that under section 25 of the Inheritance Tax Act they may be given a refund for the entire tax originally paid on this remainder. At the date of the death of Ernest A. Hamill, subsection 4 of section 1 of the Inher-

itance Tax Act provided, "Whenever any person, institution or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this Act, such appointment, when made, shall be deemed a taxable transfer under the provisions of this Act, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will; and whenever any person or corporation possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a transfer taxable under the provisions of this Act shall be deemed to take place to the extent of such omission or failure, in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure." Laws of 1909, p. 312; Ill. Rev. Stat. 1927, chap. 120, par. 375.

This provision assessed a tax on the transfer of the remainder in the donee's estate rather than in the donor's estate regardless of whether the donee exercised the power of appointment to persons of his choice or refused to exercise the power of appointment. However, there was also in full force and effect section 25 of the statute, which is as follows, "When property is transferred or limited in trust or otherwise, and the rights, interest or estates of the transferees or beneficiaries are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable

forthwith by the executors or trustees out of the property transferred: *Provided, however,* that on the happening of any contingency whereby the said property, or any part thereof is transferred to a person, corporation or institution exempt from taxation under the provisions of the inheritance tax laws of this State, or to any person, corporation or institution taxable at a rate less than the rate imposed and paid, such person, corporation or institution shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person, corporation or institution should pay under the inheritance tax laws, with interest thereon at the rate of three per centum per annum from the time of payment." Laws of 1909, p. 320; Ill. Rev. Stat. 1927, chap. 120, par. 398.

At the time of the testator's death, there was a problem as to whether subsection 4 of section 1 applied and the remainder would not be taxable, or on the other hand, whether section 25, which imposed a tax on future contingent interests, applied and a tax should be assessed.

In *People* v. *Linn,* 357 Ill. 220, decided in 1934, this court held that under subsection 4 of section 1 a remainder subject to a power of appointment was not taxable upon the death of the donor of the power, and that the general language of section 25 of the act was limited by the specific provisions of subsection 4 of section 1. In that case the decedent died in 1930 leaving a will which gave each of his daughters the income from property for life with a testatmentary power of appointment in them, and the county court assessed a tax on the remainders under section 25 of the act. The executor appealed and this court held that said remainders were not taxable under section 25. That case is similar to the case at bar and it would appear that, had the executors appealed from the order of the county court in the case at bar, the holding might well have been the same as the holding in the *Linn case.*

In 1933 subsection 4 of section 1 was amended by deleting the portions thereof which provided for the taxing of the property in the donee's estate even though the donee failed to exercise the power of appointment. (Ill. Rev. Stat. 1933, p. 2436.) Thereafter in *People* v. *Cavenee,* 368 Ill. 391, this court had before it a case where the decedent died in 1925 and by his will he established a trust and gave his brother the income of the trust for life with power to appoint the beneficiaries of the remainder with a gift over in default of appointment. The order fixing the inheritance tax in 1926, and not appealed from, stated that the remainder "is not presently taxable but is taxable in the future according to law," and the order noted as to the remainder, "tax postponed." The power of appointment was not exercised and the remainder passed in default thereof. Upon the happening of this event, the People attempted to have a second inheritance tax appraisement in the donor decedent's estate because, in the meantime, the 1933 amendment had been passed. The Supreme Court held that no reassessment could be had in the donor's estate since there was no saving clause in the 1933 amendment and, therefore, there was no statute authorizing such a tax.

The effect of these cases together with the case of *People* v. *Metropolitan Trust Company,* 369 Ill. 84, was that in a case where a donor died before the 1933 amendment, a tax was not assessable in the donor's estate on the transfer of a remainder subject to a power of appointment at the time of either the donor's or the donee's death. Likewise, if the donee died before the 1933 amendment the transfer of the remainder from him was taxable in his estate whether he exercised the power of appointment or not, and if the donee died after the 1933 amendment, without exercising the power, there was no tax on the remainder in his estate.

The appellants' contention that they are entitled to a return of the entire tax assessed on the remainder in the

case at bar is based upon the provisions of section 25 of the Inheritance Tax Act, which provides that the parties interested therein may petition for a reassessment of the tax "on the happening of any contingency whereby the said property, or any part thereof is transferred to a person, corporation or institution exempt from taxation under the provisions of the inheritance tax laws of this State, or to any person, corporation or institution taxable at a rate less than the rate imposed and paid, * * *."

The question, then, for decision in the case at bar is to determine whether the holding of this court in the *Linn* and in the *Cavenee cases* was such a contingency as that contemplated by the above-quoted portion of section 25. The appellants assert that they are persons exempt from taxation and that the rate at which they were previously taxed is higher than the rate at which they should be taxed by reason of the holdings in the *Linn case* and the *Cavanee case*. A study of the entire Inheritance Tax Act indicates that this provision of section 25 was intended to apply to situations where a corporation, because of its charitable or other status, was exempt, or the person was one who would not be subject to an inheritance tax because of his exempt status. It appears in the case at bar that the appellants are subject to the inheritance tax and that the gifts under the will exceed their statutory exemption. We do not interpret section 25 as providing an unlimited review of inheritance tax matters. The contingencies referred to in section 25 certainly do not include changes in the holdings of this court as to the interpretation of the Inheritance Tax Act, but refer to contingencies by which the amount of the inheritance taxed to a legatee or devisee may be decreased resulting in a lesser tax, or the legatee or devisee may be a party whose status is not taxable, thereby resulting in a refund of the tax.

In the case at bar a tax was assessed under section 25, and if it should not have been assessed under that section

or any other section of the law, an appeal should have been perfected from the order of assessment. No appeal having been perfected, the county court does not now have jurisdiction to hold that no tax should have been assessed under section 25. The previous order of the court was final in every respect except as to the possibility of redetermining the amount of the tax assessed under section 25 and the redetermination of that tax must be made on the assumption and premise that the remainder was properly taxable under section 25.

The right to a refund of taxes is purely of statutory origin and taxes erroneously paid cannot be recovered nor can they be voluntarily refunded by the State even though there may be justice in the claim. *People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367.

We, therefore, hold that since the tax was assessed under section 25, any error in the action of the court's assessing the tax under that section cannot now be reviewed. The order of reassessment is proper and the order is, therefore, affirmed.

*Order affirmed.*