*In re* ESTATE OF EUGENE C. MARCLEY, Deceased.—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD V. KROPP, Executor-Appellant.)

Second District (2nd Division)   No. 75-117

Opinion filed May 11, 1976.

Thomas J. Streit, of Dreyer, Foote & Streit, of Aurora, for appellant.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The executor of the decedent's estate appeals from the judgment of the circuit court of Kane County of January 3, 1975, sustaining the objections of the Attorney General to the inheritance tax return filed on behalf of the estate of Eugene C. Marcley, deceased. The judgment found that three parcels of real estate in Aurora, Illinois, having an aggregate appraised market value of $69,875 were part of decedent's taxable estate, and directed the executor to include them in the inheritance tax return at their respective appraisal values.

The relevant facts are not disputed, the controversy having been adjudicated upon an agreed statement of facts which we summarize below.

During the decedent's lifetime, he and his wife, Edith, acquired nine parcels of real estate in joint tenancy, including the three parcels in question, to which both contributed approximately equally. These nine parcels had aggregate appraised values of over $281,000 and all had been purchased by them more than three years prior to February 25, 1970.

In early 1970 Mr. and Mrs. Marcley employed a Chicago lawyer to prepare an estate plan, one of their desires being to attempt to "avoid the cost of probate." They did not intend to transfer any properties so as to make a gift. Their attorney advised them to set up two separate *inter vivos* trusts and to divide all of their separate and joint assets "in approximate equal amounts" between those trusts (except for a small checking account, their home and a few other personal assets). Such trusts were established on February 25, 1970, and separate identification numbers for Federal income tax purposes were applied for and received as to the Eugene C. Marcley Trust and the Edith M. Marcley Trust. Neither of the trusts was funded on February 25, 1970.

Deeds to the various real estate parcels were prepared conveying all nine parcels to the Eugene C. Marcley Trust. They were executed about ten months later and were recorded in January, 1971. The Marcleys were staying in Texas at that time. "The plan and agreement between the Marcleys was that" the three parcels in question "would then be transferred from the Eugene C. Marcley Trust to the Edith M. Marcley Trust in order to fund the Edith Marcley Trust". Although both Marcleys "were in apparent good health at that time * * * Eugene Marcley died unexpectedly in Texas on February 4, 1971, before he had an opportunity to sign the three deeds as trustee," which would have conveyed those parcels to the Edith Marcley Trust. The agreed statement

of facts then continued: "Consequently, although the first transfer (to Mr. Marcley's trust) was accomplished, the second transfer (to Mrs. Marcley's trust) was not accomplished. The sole reason for the lack of the second transfer was the untimely death of Eugene Marcley."

Mrs. Marcley, "in order to make certain that the aforesaid plan and agreement was carried out, made a demand upon" the successor trustee of the Eugene Marcley Trust to transfer the three parcels in question to Edith Marcley as trustee of the Edith Marcley Trust. This transfer was made and all income from those parcels has been paid to and reported to the Edith Marcley Trust.

The other six properties previously owned by the Marcleys in joint tenancy and which were intended to remain in the Eugene Marcley Trust were included in the decedent's inheritance tax return at their full appraised value, without any claim that they be valued at one-half thereof, based upon their previous joint tenancy ownership. In November, 1971, the Edith Marcley Trust sold one of the three parcels in question, title has been conveyed to purchasers and her trust has paid all capital gains taxes due thereon.

Based upon the agreed statement summarized above the trial court concluded that the three parcels in question were part of the decedent's taxable estate. The sole issue presented on appeal is whether the court erred in doing so.

The executor contends, in effect, that the oral agreement between the Marcleys to transfer the three parcels to the Edith Marcley Trust created an express oral trust with respect to those parcels, making her their beneficial owner and the decedent merely the trustee holding naked, legal title; and that only his untimely death prevented him from executing the trust to satisfy his legal obligation under the agreement between him and his wife. We agree.

Under the express agreement of the Marcleys, when the three jointly owned parcels in question were conveyed to the Eugene Marcley Trust, an express oral trust was created, and Edith Marcley became the beneficial owner of those parcels of property and thus acquired a vested interest therein. Eugene Marcley, before his death, was merely a trustee holding the naked, legal title. His "untimely death," which was "[t]he sole reason for the lack of the second transfer" (*i.e.*, from the Eugene Marcley Trust to the Edith Marcley Trust), had no effect upon Edith Marcley's preexisting rights, and the three parcels are not subject to inheritance tax. See *People v. Tombaugh*, 303 Ill. 591, 592.

In *People v. Moses*, 363 Ill. 423, 429, the Supreme Court said "that which determines whether the property transferred is subject to the tax is the substance and contemplated effect and purpose of the transaction." Here, "the substance and contemplated effect and purpose of the

transaction" between the Marcleys was set forth in the agreed statement of facts from which it is apparent that the beneficial interest in the three parcels vested in Edith Marcley prior to Eugene Marcley's death.

■■ It is true, as the State points out that the Illinois Inheritance Tax Act (Ill. Rev. Stat. 1971, ch. 120, pars. 375-403c) is designed to tax the privilege of succeeding to the property rights of a deceased person (*In re Estate of Curtis*, 28 Ill. 2d 172), and such tax is imposed on the "beneficial interest" taken by the devisee or legatee, not on the property itself (*In re Estate of McCalmont*, 16 Ill. App. 2d 246). The State argues that because the three parcels were transferred to a revocable *inter vivos* trust (Eugene Marcley Trust) and were so held when Eugene died, he retained the full enjoyment of the properties until his death and they therefore would be taxable in his estate.

That argument ignores the fact that the provisions of the Eugene Marcley written trust have no bearing upon the express oral trust created by the Marcleys under their agreement which was set forth in the agreed statement of facts. That oral trust was complete by its own terms. The only action that lacked performance was the conveyance of the three parcels to the Edith Marcley Trust, and specific performance of such conveyance could have been enforced based upon the agreed statement of facts. The cases cited by the State are therefore clearly inapposite and need not be discussed here. The burden of proving that a transfer is subject to inheritance tax is upon the State (*People v. Continental Illinois Bank & Trust Co.*, 344 Ill. 123). Clearly, the State did not meet that burden under the facts set forth in the agreed statement. Moreover, we must bear in mind another principle which the Supreme Court has repeatedly enunciated: The Inheritance Tax Act imposes a special tax and burden, and it should therefore be construed strictly against the State and in favor of the taxpayer. *In re Estate of Voss*, 55 Ill. 2d 313, 315.

■■ Lastly, the State argues that "if these transfers were effective to remove these properties [presumably the three parcels] from the estate of Eugene Marcley, they would still be taxable in his estate," because they were made in contemplation of death. The State did not advance such argument in the trial court in support of its objections to the estate's inheritance tax return. The State is therefore precluded from presenting it for the first time in the reviewing court. *Little Sister Coal Corp. v. Dawson*, 45 Ill. 2d 342, 349; *First National Bank v. Achilli*, 14 Ill. App. 3d 1, 4.

Nevertheless, it should be emphasized that the controversy here was adjudicated in the trial court upon an "Agreed Statement of Facts" in which it was stipulated that each of the Marcleys "contributed approximately equally" to the acquisition of their nine jointly owned parcels, and that in agreeing to set up the trust "they did not intend to

transfer any property so as to make a gift"; and that Edith Marcley, as joint owner of the nine parcels (valued at $281,000) joined in their conveyance and transfer to the Eugene Marcley Trust under an agreement that three of them (valued at $69,875) be transferred to the Edith Marcley Trust.

For the reasons stated the judgment of the circuit court of Kane County is reversed.

Judgment reversed.

T. J. MORAN, P. J., and DIXON, J., concur.