*In re* ESTATE OF MAX I. COHEN, Deceased.—(The People of the State of Illinois, Appellant, *v.* Estate of Max I. Cohen, Appellee.)

First District (2nd Division)   Nos. 82—543, 82—555 cons.

Opinion filed January 18, 1983.

Tyrone C. Fahner, Attorney General, of Springfield (Edward M. Kay, Assistant Attorney General, of counsel), for the People.

Sherman & Lewis, of Chicago (Maurice L. Lewis, of counsel), for appel-

lee.

PRESIDING JUSTICE DOWNING delivered the opinion of the court:

The interesting question involved in this appeal is whether a bequest to the State of Israel is exempt from Illinois State inheritance tax as a gift to a charitable organization or a bequest to a foreign nation.

Max I. Cohen, an Illinois resident, made the following bequest in his last will and testament: "I give, devise and bequeath to the STATE OF ISRAEL the sum of *** $15,000." The executor of the estate of Max I. Cohen (Estate) filed an Illinois inheritance tax return with the circuit court which stated that this bequest was exempt and that no tax was owing on it. The Attorney General of Illinois filed objections to the tax return. In its response to the State's proposed tax assessment, the Estate filed with the court a copy of the estate tax closing letter from the Internal Revenue Service (IRS) which the Estate claimed proved that the IRS agreed that the bequest was exempt from Federal estate tax and a letter from the Minister of Finance of the Government of Israel which indicated that the proceeds of the bequest may only be used for charitable purposes. The Estate contended that the Government of Israel allows a similar exemption to its citizens who make bequests to the United States Government or its States. The Estate further argued that the Government of Israel has created an entity which has tax exempt status to receive such bequests and that decedent's gift will be paid to that organization.

On October 9, 1981, the presiding judge of the county division of the circuit court found in favor of the Estate and directed the Attorney General to prepare an order assessing the $15,000 bequest as exempt from Illinois State inheritance tax. (Ill. Rev. Stat. 1979, ch. 120, par. 401.) Pursuant to this direction, the Attorney General prepared the order which was entered by the presiding judge on November 9, 1981.

On December 16, 1981, the State filed an appeal to the circuit court for review of the November 9 order. (Ill. Rev. Stat. 1979, ch. 120, par. 385.) On February 3, 1982, the presiding judge, in affirming the November 9 order, stated:

> "The November 9, 1981 Order was based, in part, on the ruling by the Presiding Judge that this particular bequest to the State of Israel is exempt from taxation as a gift to a charitable organization since this bequest can only be used for charitable purposes as established by the pleadings and the Codicil to the Will of the decedent."

The State of Illinois appeals from this final order.

## I

■ An inheritance tax is not a tax upon property, but is a condition which the State imposes upon the privilege of succeeding to the ownership of property. (*People v. Richardson* (1915), 269 Ill. 275, 276-77, 109 N.E. 1003.) The section of the Illinois Inheritance and Tax Transfer Act (Act) which imposes the tax, section 1, provides that transfers made to "persons, institutions and corporations" will be taxed in the enumerated instances, unless hereinafter exempted. (Ill. Rev. Stat. 1979, ch. 120, par. 375.) The term "corporation" has been held to be broad enough to include municipal corporations. (269 Ill. 275, 276.) Since the tax may be imposed on a governmental body, there must be an express exemption which specifically excludes it. See *Board of Regents v. Illinois* (1949), 404 Ill. 193, 196, 88 N.E.2d 489, *appeal dismissed* (1950), 339 U.S. 906, 94 L. Ed. 1335, 70 S. Ct. 571.

The exemption statute involved in this appeal is section 28 of the Act, which provides:

"Sec. 28. When the beneficial interests of any property or income therefrom shall pass to or for the use of the State of Illinois or any of its institutions, municipal corporations or political subdivisions for public purposes, any hospital, religious, educational, bible, missionary, tract, scientific, benevolent or charitable purpose, or to any trustee, bishop or minister of any church or religious denomination, held and used exclusively for the religious, educational or charitable uses and purposes of such church or religious denomination, institution or corporation, by grant, gift, bequest or otherwise, the same shall not be subject to any such duty or tax, but this provision shall not apply to any corporation which has the right to make dividends or distribute profits or assets among its members.

The exemption herein granted shall extend to persons, organizations, associations and corporations organized under the law of other states, and resident therein, provided the law of the other state grants to persons, organizations, associations and corporations organized under the law of Illinois, and resident therein, a like and equal exemption." Ill. Rev. Stat. 1979, ch. 120, par. 401.

■ All tax exemption statutes, when judicially interpreted, should be strictly construed. (*In re Estate of Schureman* (1956), 8 Ill. 2d 125, 127, 133 N.E.2d 7.) A court should not depart from the plain language of a statute and read into it conditions or provisions which conflict with a clearly indicated legislative intent. (*People v. Boreman* (1948), 401 Ill.

566, 572, 82 N.E.2d 459, *cert. denied* (1949), 336 U.S. 927, 93 L. Ed. 1088, 69 S. Ct. 649.) Further, a court must strictly construe a tax exemption statute in favor of taxation (*Hall v. Illinois Property Tax Appeal Board* (1981), 98 Ill. App. 3d 824, 827, 424 N.E.2d 375, *appeal denied* (1981), 85 Ill. 2d 577), and the burden of proving the exemption is on the party claiming it. *Telco Leasing, Inc. v. Allphin* (1976), 63 Ill. 2d 305, 310, 347 N.E.2d 729.

Prior to 1939, the first paragraph of section 28 of the Act did not include bequests to the State of Illinois or any of its subdivisions. (Ill. Ann. Stat., ch. 120, par. 401, Historical Note, at 219 (Smith-Hurd 1974).) Excluding this addition, the first paragraph has been interpreted as applying only to transfers of property to domestic charities which operate within the State of Illinois. (*E.g., People v. O'Donnell* (1927), 327 Ill. 474, 476, 158 N.E. 727.) The bequest to the State of Israel does not fall under either gifts to the State of Illinois, or under gifts to charities operating within Illinois.

The second paragraph of section 28 of the Act, added in 1945, extends the exemption to include "persons, organizations, associates and corporations organized under the law of *other* states" (emphasis added), providing that the other States allow an equal exemption to our residents. We find nothing in the plain language of the statute that the legislature intended to include foreign nations in the exemption. We are satisfied that by using the words "other states," the legislature intended only the "other states" of the United States. The word "other" certainly cannot be construed as subject to ambiguity.

The only case which the State cites, and which our research has uncovered, dealing with the issue of the tax exempt status of bequests to foreign countries is *In re Estate of Wieboldt* (1958), 5 Wis. 2d 363, 92 N.W.2d 849. The Wisconsin statute exempted "transfers to or for the use of corporations *** associations, foundations or *trustees located in*, and those organized or established under the laws of, *any other state, commonwealth, territory or district*, exclusively for *** charitable *** purposes." (*In re Estate of Wieboldt* (1958), 5 Wis. 2d 363, 365, 92 N.W.2d 849, 851.) The statute also required reciprocity from the "other state." The Supreme Court of Wisconsin held that since tax exemption statutes cannot be extended "beyond the fair import of their terms," the word "other" before the word "states," without any reference to countries or nations, precludes an interpretation that the legislature intended to include foreign countries in the exemption. *In re Estate of Wieboldt* (1958), 5 Wis. 2d 363, 366, 92 N.W.2d 849, 852.

In our opinion, the plain meaning of the Illinois statute does not

include an exemption for bequests to foreign countries. For this reason, the judgment of the circuit court must be reversed.

## II

The only issues which the Estate raised on appeal are: (A) the November 9, 1981, order assessing the tax was a consent decree entered with the approval of both parties, thus no appeal may be taken from it; and (B) since the record on appeal is incomplete and the appellate court must presume that the omitted portion justified the order below, this court may affirm on this point even though it was not ruled on by the circuit court.

## A

■ A consent decree merely records the agreement of the parties and does not represent the judgment of the court. (*Bergman v. Rhodes* (1929), 334 Ill. 137, 143, 165 N.E. 598.) As the State points out, the November 9, 1981, order was prepared only at the direction of the presiding judge and therefore cannot be characterized as an "agreement of the parties." This order merely formalized the finding by the court in favor of the Estate on October 9, 1981. The fact that the formal order was thereafter examined and approved by a member of the Attorney General's office does not change this into a "consent decree." The order reflected the mandate of the court and was not a consensus of the parties.

## B

■ As to the Estate's contention regarding the inadequacy of the record, the State claims that the court did not hear any arguments or evidence on the two days in question, November 9, 1981, and February 3, 1982, and thus there are no reports of proceedings. In any case, the record as supplied by the appellant is sufficiently adequate to review the issue presented before this court. See *Altek, Inc. v. Vulcan Tube & Metals Co.* (1979), 79 Ill. App. 3d 226, 398 N.E.2d 240, *appeal denied* (1980), 79 Ill. 2d 630.

For the above stated reasons, the judgment of the circuit court is reversed.

Reversed.

STAMOS and PERLIN, JJ., concur.