*In re* ESTATE OF PETER BROUSKOS, Deceased (Samuel J. Betar, Adm'r of the Estate of Peter Brouskos, Appellant, *v.* The People of the State of Illinois, Appellee).

First District (4th Division) No. 82—2386

Opinion filed September 15, 1983.

Theodore Rodes, Jr., of Porikos & Rodes, and Robert E. Wiss, both of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Edward M. Kay, Assistant Attorney General, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

This is an appeal brought by the administrator of the estate of Peter Brouskos from a decision of the circuit court of Cook County that a residuary bequest to a charity located in Greece was not exempt from inheritance tax under section 28 of the Inheritance and Transfer Tax Law (Ill. Rev. Stat. 1979, ch. 120, par. 401). The administrator argues in this appeal that (1) the trial court's findings that the chari-

table nature of the residuary beneficiary and the existence of reciprocity between Illinois and Greece had not been established were against the manifest weight of the evidence and (2) the inheritance tax exemption provided in section 28 is applicable to bequests to charitable organizations in foreign countries if reciprocity between that country and Illinois exists. The appellee, the State of Illinois, argues in addition that the circuit court lacked jurisdiction to hear the administrator's petition for reassessment of inheritance tax.

The State does not dispute the charitable nature of the beneficiary or the existence of reciprocal inheritance tax exemptions from the government of Greece. Although these were the issues on which the trial court's order was based, the State apparently abandoned its argument in this regard on appeal to rely instead on this court's intervening decision in *In re Estate of Cohen* (1983), 112 Ill. App. 3d 265, 445 N.E.2d 391.

We affirm the decision of the trial court.

FACTS

Peter Brouskos, a United States citizen, died testate in Greece in 1976. He owned real property in Illinois. The office of the Illinois Public Administrator was appointed to take responsibility for the assets of the estate, effect burial of the decedent, and administer the estate. Brouskos' will was admitted to probate by the circuit court of Cook County on February 22, 1977. The administrator of the estate filed his inheritance tax return on April 16, 1979. The return claimed charitable exemptions under section 28 of the Inheritance and Transfer Tax Law (Ill. Rev. Stat. 1979, ch. 120, par. 401) for bequests to two beneficiaries: Saint Varvara Church, Tripolis, Arcadia, Greece, and the Dekazeion Home for the Aged, Tripolis, Arcadia, Greece.

The Attorney General filed objections to the inheritance tax return on behalf of the State of Illinois; a hearing on the matter was held on August 6, 1979. On December 31, 1979, the circuit court entered its order assessing inheritance tax against the bequest to the Dekazeion Home. On May 19, 1981, the Consul General of Greece wrote the Inheritance Tax Division of the Attorney General of Illinois that the Dekazeion Home is a private charitable institution receiving its financial support from private benefactors and the Greek Orthodox Church, not from the government of Greece.

On February 26, 1982, the administrator filed a petition under section 10 of the Inheritance and Transfer Tax Law (Ill. Rev. Stat. 1979, ch. 120, par. 384) seeking reassessment of the inheritance tax, specifically requesting that no tax be assessed against the bequest to

the Dekazeion Home. The State's response to the petition alleged that the assessment was proper because the Dekazeion Home is "[n]ot a private charitable organization, but an agency of the government ***. Further, the State denies that [the estate] is entitled to a reciprocal exemption in a situation such as this." The State's response further stated that "the Petition contains no new or additional facts under which a Petition for Reassessment could be entertained" under section 10. Memoranda in support of and opposition to the petition for reassessment subsequently were filed.

On September 1, 1982, the circuit court denied the administrator's petition for reassessment. The order recited the court's findings that the charitable status of the Dekazeion Home had not been established and that the "question of reciprocity between the foreign government and the State of Illinois does not exist." The administrator appeals from this order.

OPINION

■ A threshold issue in this appeal is the State's argument that the circuit court did not have jurisdiction to hear the administrator's petition for reassessment because section 10 of the Inheritance and Transfer Tax Law, under which the petition was filed, is not applicable to the facts of the case at bar. Section 10 provides:

"Sec. 384. Refunding excess of tax by State Treasurer.

When it appears that errors have inadvertently occurred in the inheritance tax proceedings resulting in an erroneous amount of tax paid to the State Treasurer, such errors may be corrected and the order of assessment modified accordingly in a proper proceeding, and the executor, administrator or trustee, person or persons, corporation or corporations who have paid such tax in error, shall be entitled to a refund from the State Treasurer of the amount of such tax erroneously paid: Provided, that this section shall not apply to any errors in the valuations of the property of the decedent as appraised, or in the rules of law applied in determining the taxability of the several successions: Provided, that all applications for the repayment of any tax under this section shall be made within two years from the date of such payment." (Ill. Rev. Stat. 1979, ch. 120, par. 384.)

The State disagrees with the administrator's claim that an inadvertent error, which would invoke the application of this statutory provision, had occurred.

The alleged error occurred as a result of the illness and death of

the attorney for the Public Administrator who had been responsible for the Brouskos estate's inheritance tax return. This attorney, together with the attorney for the Consul General of Greece at Chicago, had worked on interpretation of the translated documents from Greece regarding this estate. At the time consent to the order assessing estate tax was requested of the Public Administrator, this attorney had just died; the Greek Consul's attorney was hospitalized with a terminal illness. Thus, the administrator explains, another attorney for the Public Administrator, "without fully understanding the context in which words were used, misinterpreted the documentation and signed the consent to the Order Assessing Tax, thereby committing an inadvertent error."

Although the State concedes that section 10 authorizes the circuit court to correct errors in the inheritance tax proceedings, it argues that the section is inapplicable in the case at bar because it "is expressly made inapplicable to any errors in the *** rules of law applied in determining the taxability." The State cites *In re Estate of Hamill* (1949), 404 Ill. 217, 88 N.E.2d 440, in support of its argument that if the trial judge committed any errors in the rules of law he applied in determining that the transfer to the Dekazeion Home was taxable, such errors could not be corrected under this section. We disagree.

The *Hamill* case is factually distinguishable from the case at bar; it holds that later appellate decisions that alter the interpretation of the tax law do not permit reassessment of the tax assessed through an earlier differing interpretation. In the case at bar, no error in applying the appropriate rules of law occurred; the inadvertent error involved a misinterpretation of facts by the administrator. In our view, such a factual misunderstanding is the kind of inadvertent error contemplated by section 10. Accordingly, we hold that the circuit court had jurisdiction to hear the administrator's petition for reassessment, and this court has jurisdiction to hear the appeal therefrom.

The first argument advanced by the administrator in this appeal is that the trial court's findings that the charitable nature of the Dekazeion Home and the existence of reciprocity between Illinois and Greece had not been established were contrary to the manifest weight of the evidence. The administrator points to evidence in the record that the Dekazeion Home is a charitable organization and that under the laws of Greece inheritance tax exemptions that are reciprocal with other jurisdictions, including Illinois, do exist. Although the State disputed this argument by the administrator in the trial court, it does not pursue that position in this appeal. Accordingly, we must assume the parties to this appeal agree regarding the existence of

both a charitable beneficiary and a reciprocal tax exemption.

 The only remaining contested issue is whether the inheritance tax exemption provided in section 28 of the Inheritance and Transfer Tax Law is applicable to bequests to charitable organizations in foreign countries. Section 28 provides, in pertinent part:

"The exemption herein granted shall extend to persons, organizations, associations and corporations organized under the law of other states, and resident therein, provided the law of the other state grants to persons, organizations, associations and corporations organized under the law of Illinois, and resident therein, a like and equal exemption." Ill. Rev. Stat. 1979, ch. 120, par. 401.

The administrator argues that the inheritance tax imposes a special burden and therefore should be construed strictly against the State and in favor of the taxpayer. (*In re Estate of Marcley* (1976), 38 Ill. App. 3d 316, 347 N.E.2d 13.) The construction most favorable to the taxpayer, of course, would extend the exemption to charitable beneficiaries in foreign countries. The administrator points out the logical inconsistency in the State's objecting to the exemption for the gift to the Dekazeion Home without also objecting to an exemption for the gift to the church in the same Greek town. The administrator further points out that in other probate cases tax exemptions for bequests to charities in foreign countries have been allowed without dispute.

We agree that the State's position with respect to these two charitable bequests is inconsistent; the administrator's plea for evenhanded tax treatment of charitable bequests is well founded. In spite of our sympathy with these arguments, however, we find that we are bound by this court's decision construing section 28 in *In re Estate of Cohen* (1983), 112 Ill. App. 3d 265, 268-69, 445 N.E.2d 391, 394: "In our opinion, the plain meaning of the Illinois statute does not include an exemption for bequests to foreign countries." As the administrator correctly points out, *Cohen* is distinguishable from the case at bar in that the gift in *Cohen* was made to the State of Israel and not, as here, to a charitable organization within the foreign country. However, *Cohen*'s holding is not limited to bequests to foreign governments. In construing the language of section 28, *Cohen* held that "[w]e are satisfied that by using the words 'other states,' the legislature intended only the 'other states' of the United States." (112 Ill. App. 3d 265, 268, 445 N.E.2d 391, 394.) Thus, the exemption is extended in section 28 only to charitable beneficiaries in other States of the United States, and beneficiaries in foreign countries, be they pri-

vate charities or the foreign government itself, are not entitled to exemption from Illinois inheritance tax.

As *Cohen* observes, no other Illinois opinion construing this language exists. In deciding the issue of whether charitable bequests to foreign countries were tax exempt under a similar Wisconsin statute, the Supreme Court of Wisconsin held that use of the words "other states" precluded an interpretation including foreign nations. (*In re Estate of Wieboldt* (1958), 5 Wis. 2d 363, 92 N.W.2d 849.) In construing an inheritance tax law, the United States Supreme Court held "that the words 'either by will or by the intestate laws of any State or Territory' *** would apply only to *** any State or Territory of the United States." *Eidman v. Martinez* (1902), 184 U.S. 578, 590, 46 L. Ed. 2d 697, 704, 22 S. Ct. 515, 520.

Tax exemption statutes should be strictly construed and not extended by judicial interpretation. (*In re Estate of Schureman* (1956), 8 Ill. 2d 125, 133 N.E.2d 7.) Furthermore, an exemption statute must be strictly construed in favor of taxation. (*Hall v. Property Tax Appeal Board* (1981), 98 Ill. App. 3d 824, 424 N.E.2d 375.) When a word having so potentially broad a definition as "state" is used in a statute it must be defined in the context of the statute, as was done in the cases cited above. We find it particularly significant that in section 1 of the Inheritance and Transfer Tax Law the term "foreign country" is expressly defined, a clear indication that the term was not intended to be synonymous with the word "state" in the context of the Law. Because the exemption of section 28 was not expressly extended to foreign countries, and the language of the section has been construed by this court to refer only to other States of the United States, we are compelled to hold that the bequest to the Dekazeion Home was not entitled to exemption from the Illinois inheritance tax. The decision of the circuit court is accordingly affirmed.

Affirmed.

JOHNSON and JIGANTI, JJ., concur.