## GUNNELLS v. FAULKNER, executor, *et al.*

GILBERT, J.  Where a testator bequeaths and devises all of his estate to his wife for life, with remainder to two named brothers, "and at their death to my brothers' bodily heirs," the child of a brother not named in the will, who died prior to the execution of the will, takes no interest thereunder. The judgment of the trial court properly so construed the will in this case.  *Judgment affirmed.  All the Justices concur.*

No. 4318.  JULY 19, 1924.

Construction of will.  Before Judge Hodges.  Madison superior court.  March 3, 1924.

James A. Faulkner died on September 24, 1911.  His will contained the following provisions: "Second: I give all the rest of my estate, both real and personal, to my beloved wife, Victoria J. Faulkner, to have and to hold to my said wife her lifetime. . . Fifth: After the death of my said beloved wife and all just debts and funeral expenses have been fully paid, the remainder of the above-named estate shall be impartially divided with my brothers, namely, W. J. Faulkner and O. A. Faulkner, and at their death to my brothers' bodily heirs."  The testator was survived by his wife, Victoria J. Faulkner; by W. J. Faulkner, a brother, who had six children; by O. A. Faulkner, a brother, who had five children; and by Mrs. Bertha Faulkner Gunnells, who is the only surviving child of P. Faulkner, a brother of James A. Faulkner, but who died prior to the making of the will or death of James A. Faulkner. Victoria J. Faulkner died on January 5, 1922.  W. J. Faulkner died prior to the death of Mrs. Faulkner, survived by the six children mentioned.  Upon the death of Victoria J. Faulkner, O. A. Faulkner qualified as executor upon the estate of James A. Faulkner.

Mrs. Gunnells filed a petition against O. A. Faulkner, individually and as executor, and the children of W. J. and O. A. Faulkner, alleging, in addition to the facts above stated, that W. J. and O. A. Faulkner, each took a life-estate in one half the property of testator, with ultimate remainder in fee to the children per capita of testator's brothers, namely W. J. Faulkner, O. A. Faulkner, and P. Faulkner; that W. J. Faulkner having died and his estate having terminated, one half of the testator's estate is subject to be administered and distributed to the ultimate remaindermen at once; that said executor contends that petitioner is not a legatee

under said will, and refuses to pay to petitioner any part of the proceeds of the testator's estate; that the children of testator's brothers are twelve in number, and petitioner is entitled to a one-twelfth remainder interest in said property. He prayed that the rights of all parties be determined, that the right of petitioner to a one-twelfth remainder interest in all of the estate of James A. Faulkner be established by decree, that the executor be required to reduce one half of said estate to cash and to pay to petitioner one twelfth of the same at once, and that petitioner have judgment for the same. The answer of the defendants denied that petitioner had any interest in said estate. The matter was submitted to the court without the intervention of a jury. Judgment was rendered against the contention of the petitioner, and error was assigned thereon.

*J. T. Murray,* for plaintiff.    *B. T. Moseley,* for defendants.