In re Estate of Augusta C. McDonald, Deceased.
Adam J. Henning, Personally and Executor of Last
Will and Testament of Augusta C. McDonald, De-
ceased, Appellant, v. Helen F. Henderson, Guard-
ian of James Forney Henderson, et al., Appellees.

Gen. No. 9,760.

February term, 1942.

Heard in this court at the
Opinion filed April 8, 1942.

EDWARD F. RIELY, of Minonk, for appellant.

ISADORE I. LEIKEN, of Minonk, for appellees.

MR. PRESIDING JUSTICE HUFFMAN delivered the
opinion of the court.

Augusta C. McDonald died testate making appellant
executor of her estate. Following her death, he quali-
fied as such, and letters were issued by the county
court of Woodford county.

The testatrix, by the fifth paragraph of her will,
made a bequest to appellant of $4,000, in words as
follows:

"Fifth:—I hereby give, devise and bequeath to Adam J. Henning from the said fund above referred to the sum of Four thousand and 00/100 ($4,000.00) Dollars, and this legacy shall in no wise abate if there is sufficient property in my estate to pay same in full after payment of all debts."

By the sixth paragraph of her will, she made bequests to James Forney Henderson and Doris Ann Hinrichs, of not to exceed $4,000, each. In other words, if after the payment of her debts and the legacy given appellant, $8,000 or more should remain in her estate, then the legatees Henderson and Hinrichs should each receive $4,000, but in no event, more than such sum. In the seventh paragraph of her will, she provides for distribution of any remaining money in her estate, after payment of the foregoing legacies.

Appellant bore no relationship toward the testatrix. He was indebted to her in the sum of $3,600, at the time of her death. When he paid to himself his legacy of $4,000, he paid the inheritance tax thereon ($390) from the funds of the estate. Objections were filed to his final report by the other legatees with respect to this charge against the estate for the inheritance tax paid upon his legacy. They urged that the inheritance tax due thereon must be paid by him and was not a proper charge against the general assets of the estate. The county court sustained this objection. Appellant proceeded to have the matter reviewed by the circuit court of Woodford county, where again the objection was sustained. The circuit court in its finding, states that nothing appears in the will authorizing or directing the executor to make such a charge against the estate. The court further held that inheritance tax is not a tax upon property, but upon the right to succeed to property; that it is not a debt of the estate, but a levy against the person acquiring or taking the legacy. The court found that all of the legatees named in the will should pay such inheritance tax as was

due upon their respective legacies. Appellant has prosecuted this appeal from the above order.

Appellant assigns for reversal the court's ruling that the inheritance tax assessed upon his legacy should be paid by him, urging that under the terms of the will, the same was made payable from the assets of the estate after payment of debts and his legacy. In connection with this position, appellant states that whether a legatee must pay the tax upon his legacy or if the same shall be a charge upon the residuary funds depends upon the intention of the testator as manifested by the will, urging that such expressions as "paid in full," "without any deductions," "free from any charge or liability," "free from all taxes," and "free of the legacy duty," when used in a will is held to manifest an intention on the part of the testator that any tax upon the legacy should be paid out of the residuary estate. Citing in this respect, 61 C. J. 1688, sec. 2548, and 26 R. C. L. 229, par. 199.

It is considered competent for a testator to specify what property shall assume the burden of inheritance tax on the transfer or the right of succession of his estate. For example, he may provide that such taxes shall be paid out of the general or residuary estate, or out of a particular fund. Since the effect of such a provision is to increase the gift, the intent of the testator to make such a gift will not be drawn from vague or uncertain language. The question depends upon the intent of the testator as set forth in his will. 28 Am. Jur. 137, par. 280.

Under inheritance tax laws, such tax is not considered one of the expenses of administration, or a charge upon the general estate of the decedent. It is in the nature of a tax upon the right of succession to be imposed upon the several amounts to which the successors thereto are entitled, and is a charge against each share or interest according to its value and against the person entitled thereto. *People v. Estate*

*of Strom,* 363 Ill. 241; *People v. Tombaugh,* 303 Ill. 591; *Northern Trust Co. v. Buck & Rayner,* 263 Ill. 222; *People v. Union Trust Co.,* 255 Ill. 168; *National Safe Deposit Co. v. Stead,* 250 Ill. 584; *People v. Griffith,* 245 Ill. 532.

We find nothing in this will directing the executor to pay the inheritance taxes from the general assets of the estate, nor do we find any provision that such tax is to be paid from a designated fund, nor do we find that the legacy to appellant is expressly given tax free, nor do we find that the testatrix used words in connection with appellant's legacy evincing an intention that he should receive the same free from the payment of inheritance taxes. The only provision is that his legacy shall not abate so long as there is sufficient property in the estate to pay the same in full.

A preference or priority may be given a legatee of a general legacy if the intention of the testator to give such preference appears beyond dispute by the terms of the will. Rood on Wills, p. 497, par. 743 (General Legacies). Redfield—Law of Wills—(3 Ed. 1869), vol. 2, p. 450, sec. 7; and p. 454, sec. 13 (on Priority of Payment of Legacies).

The order in which legacies shall abate may be controlled by direction of the testator expressed in his will. Ordinarily a testator will be deemed to have acted upon the belief that his estate would be sufficient to answer the purposes to which it is devoted. If the chances of deficiency are anticipated and provided for by the terms of the will, then the directions of the testator will govern, and the legatee or legatees to be preferred will so be, and the loss must be borne by those who by the terms of the will of the testator are designated to bear such loss. Thus, we find that a testator may give preference to certain legatees over others, and such directions must be followed. Commentaries on Wills (Alexander), vol. 2, p. 1020, par. 691.

A testator can discriminate as between or among those who take under his will, and prefer one to another, in the event the funds of the estate shall be exhausted prior to the payment of all the legacies. We find in the will of the testatrix in this case that she made the payment of the general legacy to appellant an express charge upon all of her estate, thus indicating a preference for such legatee, but we do not find that the terms of the will go further than this. An unexpected shrinkage in the estate of a testator not infrequently occurs after he has made his will, and before his death or before his estate can be put in shape for settlement. If the shrinkage is substantial, there may not be enough in the estate to pay the legacies in full after satisfaction of the debts. Therefore, testators frequently provide against such a contingency by prescribing the order in which legacies shall be satisfied. In the absence of such provision, general legacies suffer and abate pro rata. However, the testator may prefer one general legatee to another, this being his right. Thus, we find that if a testator in his will indicates that a certain legacy is to be given priority over others, then in case of a deficiency in his estate, his wish will be enforced. Page on Wills (Abatement). Under such circumstances, it is considered that the testator directs the order of abatement as to the legacies.

The method of providing revenue by taxation of inheritances is of ancient origin. It was established in Rome as early as the year 6 A.D. Mr. Gibbon tells us that when Augustus resolved to establish a permanent military force for the defense of his government against foreign and domestic enemies, in order to provide the needed revenue, he suggested a tax of 5 per cent on all legacies and inheritances. The nobles of Rome were more tenacious of property than of freedom, and the suggestion was not warmly received. However, when Augustus suggested that their obsti-

nacy would oblige him to propose a general land tax, the matter was at once settled. The tax was first introduced in England in 1780, and generally known as "death duties." Although it is purely statutory in origin, it is designed for the same general purpose. The first inheritance tax statute became in force in this State in 1895, and was held constitutional by our Supreme Court in the case of *Kochersperger v. Drake,* 167 Ill. 122, and subsequently held constitutional by the Supreme Court of the United States in *Magoun v. Illinois Trust & Savings Bank,* 170 U. S. 283, 42 L. Ed. 1037. Since that time, legislation and litigation have altered and developed the law, but the fundamental doctrines peculiar to this subject have remained the same.

Reference to the act will disclose it is the intent that each legacy shall bear the tax due thereon. This can only be altered by expressed directions of the testator.

The expression "all debts" as used by the testatrix in the fifth paragraph of her will is not considered to include inheritance taxes, as they are not owing by the estate and are not a debt of the testatrix. The judgment of the circuit court is affirmed.

*Judgment affirmed.*

MR. JUSTICE DOVE concurring: I concur in holding that the judgment appealed from should be affirmed.