In the Matter of the Estate of Sally Berman, aka Sally Lamonica, aka Sally Kohler, aka Sally Crane, aka Sally Gillerman, Deceased. (William Berman, Appellant.)

Gen. No. 11,661.

Second District, Second Division.
January 24, 1963.

Seymour Velk and Sherwin J. Malkin, of Chicago, for appellant.

Fleck & Pollack, of Chicago, for appellee.

WRIGHT, P. J.

This is an appeal from an order of the Probate Court of DuPage County, Illinois, which construed Article II of decedent's will as constituting a general legacy and ordering the executor of the estate to distribute to Fred Kohler, as guardian of decedent's minor children, certain jewelry which was selected by them in part payment of the minor children's award which has been fixed by the court.

The principal issue on this appeal is whether Article II of the decedent's will, which reads as follows: "2. I give all of my tangible personal property, such as clothing, jewelry, personal effects, books, house furnishings, automobiles and other articles of household or personal use or ornament to my brother, William Berman," constitutes a specific legacy, or a general legacy which would entitle the minor children of the decedent to select from among the decedent's goods and chattels

certain jewelry mentioned in Article II of the will as a part of their minor children's award.

The Probate Court construed Article II of the will as constituting a general legacy and ordered the executor of the estate to distribute to the minor children the jewelry which was selected on their behalf.

It is the theory of the appellant that Article II of the decedent's will constitutes a specific bequest to the decedent's brother, William Berman, appellant herein, and that the guardian of the decedent's minor children did not have the right to select the jewelry of the decedent as part of the minor children's award pursuant to Sections 179 and 181 of the Probate Act of Illinois.

Appellee contends that Article II of the decedent's will constitutes a general bequest giving the guardian of the decedent's minor children the right to select the jewerly of the decedent as part of the minor children's award. Section 181 of the Probate Act provides in part that the right of selection shall pertain to "goods and chattels of the decedent not specifically bequeathed."

■ ■ Legacies are classified as specific and general. A specific legacy is a bequest of a particular, individualized chattel, fund, or portion of the testator's personal estate, which is set apart from the balance of his property and which is differentiated from all other articles or funds of the same or a similar nature and can be satisfied only by delivery of the specific object, fund or portion designated and not by the receipt of some equivalent in money or property. 57 Am Jur, Wills, Sec 1401. In Lewis v. Sedgwick, 223 Ill 213, 79 NE 14, our Supreme Court at page 222 of the opinion, states that a specific legacy is a gift of a specific part of testator's estate, identified and distinguished from all things of the same kind, and can only be satisfied by the delivery of the particular thing. A

177

legacy is specific when it can be satisfied only by the transfer or delivery of some particular portion of or article belonging to the estate, which the testator intended should be transferred to the legatee in specie. Grise v. Weiss, 213 Ind 3, 11 NE2d 146.

A general legacy is one which is designated primarily by quantity or amount and which may be satisfied out of the general assets of the testator, without the necessity of delivering any particular chattel or fund to the legatee. A general legacy may be satisfied out of the general assets of the testator's estate without regard to any particular fund, thing, or things, while a specific legacy can only be satisfied by the delivery of a particular specified thing or things, or of the proceeds of the sale of such things or of a specified fund or a defined portion thereof. 57 Am Jur, Wills, Sec 1402. The distinction between specific and general legacies is that a specific legacy singles out the particular thing or things which the testator intends the donee to have, no regard being had to its value, while a general legacy can be satisfied out of the general assets, the chief element of the gift being its value. Baker v. Baker, 319 Ill 320, 150 NE 284.

Under the Probate Act of Illinois, property is divided into two kinds, real and personal. Personal property includes everything that is the subject of ownership not coming under the domination of real estate. The term is generally applied to property of a personal or movable nature as opposed to property of an immovable nature. Black's Law Dictionary, Deluxe Edition, Page 1447.

Personal property is made up of two categories, tangible and intangible. Tangible personal property has been defined as property that may be seen, weighed, measured and estimated by the physical senses and which is capable of being possessed, property which may be touched; such as is perceptible to the senses.

Black's Law Dictionary, Deluxe Edition, Page 1702. Intangible personal property is such property as has no intrinsic and marketable value but which is representative or evidence of value, such as certificates of stocks, bonds, promissory notes and franchises. Black's Law Dictionary, Deluxe Edition, Page 992.

■ The words goods and chattels in the Probate Act refer to tangible personal property such as furniture, automobiles, jewelry and the like as distinguished from such items as stocks, bonds, mortgages, accounts receivable, notes and the like. James Illinois Probate Law and Practice, 1951, Vol 4, Sec 175.4.

■■ In view of the foregoing definitions of tangible and intangible personal property and in view of the distinction made between these two categories of personal property, we are convinced that the testator by the second clause of her will made a bequest of a specific part of her personal property, which can be identified and distinguished from all of the other personal property which she owned at the time of her death and can be delivered to the donee, her brother, in specie. The primary rule in testamentary construction is to ascertain the intention of the testator from the four corners of his will and give it effect, if not in conflict with an established rule of law or public policy. Mokros v. Blackman, 312 Ill App 346, 38 NE2d 514.

By Article II of the will the testator gave all of her tangible personal property to her brother, and by Article III of her will she left all of the rest, residue and remainder of all of the property owned by her to her children.

When these two articles are considered together, it is clear that the testator intended that her brother have all of her tangible personal property regardless of value, which constitutes a category of personal property which can be easily identified and distinguished

179

from all other of her property of like kind, that is all other personal property, and that the remainder of all of her personal property, that is all of her intangible personal property together with all real estate, was to be divided among her children in equal parts.

For the reasons herein stated, we are of the opinion that Article II of the decedent's will constitutes a specific legacy, and that the trial court was in error in construing it as a general legacy.

The order of the trial court is reversed and remanded with directions to proceed in accordance with the views herein expressed.

Reversed and remanded.

SPIVEY and CROW, JJ., concur.