Florence Evans and Hal Atchison, Plaintiffs, v. Wanda L. DeBruler, Individually and as Executor of the Last Will and Testament of Maude E. Vadakin, Deceased, Charles M. Hill, Bryan Gregory, Being the Same Person as Bryant Gregory, Adley Gregory, Being the Same Person as Charles Adley Gregory, the Trustees of the First Presbyterian Church of Bethany, Illinois, a Religious Corporation, Jane Evans Sparr, Being the Same Person as Jane Evans, et al., Defendants.

Florence Evans and Jack Atchison, Administrator of the Estate of Hal Atchison, Deceased, Plaintiffs-Counterdefendants, Appellants-Cross Appellees, v. Wanda L. DeBruler, as Executor of the Last Will and Testament of Maude E. Vadakin, Deceased, and Alice Hitpas, Defendants-Appellees, and Bryan T. Gregory and Charles A. Gregory, Defendants-Counterclaimants, Appellees-Cross Appellants, and Charles M. Hill, Defendant-Appellee and Cross Appellee.

Gen. No. 10,531.

Fourth District.

May 7, 1964.

35

Thomas, Mulliken & Mamer, of Champaign, and Williams, Williams & Meyer, of Oshkosh, Wisconsin, for plaintiffs-appellants.

36

Downing, Smith, Jorgensen & Uhl, of Decatur (Elbert S. Smith, of counsel), and Randall, Danskin, Lundin & Allison, of Spokane, Washington, Vail, Mills, Armstrong, Winters & Prince, of Decatur, White and White, of Sullivan, for ·defendant-appellee, Charles M. Hill.

SPIVEY, J.

This is an appeal from a decree of the Circuit Court of Moultrie County construing Paragraph Fifth of the last will and testament of Maude E. Vadakin, who died on May 31, 1962, widowed and childless.

Mrs. Vadakin was the youngest member of a family of nine girls and two boys. On March 7, 1947, at the age of 72 years she executed her last will and testament. On January 28, 1960, she executed a codicil to her will which in no way altered or affected the provisions of Paragraph Fifth.

Three childless sisters who preceded Mrs. Vadakin in death and the heirs of two brothers who preceded Mrs. Vadakin in death were disinherited by Paragraph Sixth of the Will.

On the date of the execution of the Will, there were only three living sisters of the family of eleven, in addition to Mrs. Vadakin. Gertrude Van Arsdol (Gertrude May Van Arsdol) was 79 years of age, widowed and childless. Clara Rose (Clara Frances Rose) was 81 years of age and likewise widowed and childless. Florence Gregory (Iskay Florence Gregory) was 85 years of age, widowed, with two living sons, Bryant Gregory (Bryant T. Gregory) and Charles Adley Gregory.

Viola Etta Atchison, a sister not named in the Will, who predeceased Mrs. Vadakin, left surviving her Florence Evans and Hal Atchison, who were both living at the time of the execution of the Will. Elizabeth Artless Hill, a sister not named in the Will, who predeceased Mrs. Vadakin, left surviving her one son,

Charles M. Hill, who was living at the time of the execution of the Will.

At the time of the execution of the Codicil on January 28, 1960, her three sisters named in Paragraph Fifth were deceased. At the time of the death of Mrs. Vadakin the nephews and nieces above referred to survived.

By other clauses of her will she devised or bequeathed to Florence Evans $500; Hal Atchison $500; Charles Adley Gregory $2000; and Bryant Gregory 120 acres of land.

Paragraph Fifth of her will provided, "FIFTH: It is my further desire and I hereby direct that my Executor shall out of the remainder of my estate, pay the Federal Estate Tax, if any, and the State Inheritance Tax upon bequests previously made by me. After the payment of all claims, expenses of administration and bequests and taxes thereon, the funds remaining shall be divided into three (3) equal shares and one share given to each of my three (3) sisters, namely: Clara Rose, Gertrude Van Arsdol and Florence Gregory. In the event of the death of any of my three (3) sisters above named leaving no surviving child or children, then the share of the deceased sister shall be divided equally among the surviving sisters and the surviving child or children of other deceased sisters. In the event of the death of any of the above mentioned sisters leaving surviving child or children, then the children shall receive the share of the deceased mothers."

In addition to the facts hereinabove recited oral testimony was offered on behalf of Florence Evans and Hal Atchison to the effect that they and their families, as well as Bryant and Charles Adley Gregory on occasion visited with Maude E. Vadakin, and that the decedent had on occasion mentioned Charles M. Hill.

38

The Circuit Court, in construing Paragraph Fifth of the will, held that the residue provided therein should be distributed as follows:

Florence Evans, one-sixth of two-thirds of the residuum, or a total of two-eighteenths; Hal Atchison, one-sixth of two-thirds of the residuum or a total of two-eighteenths; Charles M. Hill, one-third of two-thirds of the residuum or a total of four-eighteenths; Charles Adley Gregory, one-sixth of two-thirds of the residuum and one-half of one-third of the residuum or a total of five-eighteenths; and Bryant Gregory one-sixth of two-thirds of the residuum and one-half of one-third of the residuum or a total of five-eighteenths.

Plaintiffs-appellants, Florence Evans and Hal Atchison, contend that a proper distribution would be one-third of the residue per capita to Charles Adley Gregory and Bryant Gregory, and two-thirds of the residue to Florence Evans, Hal Atchison, and Charles M. Hill per capita.

Bryant Gregory and Charles Adley Gregory, as defendants-cross appellants, contend that they should receive all of the residue per capita, or in the alternative as defendants-appellees that the distribution should be one-third of the residue to Charles Adley Gregory and Bryant Gregory per capita, and two-thirds of the residue to Florence Evans, Hal Atchison, and Charles M. Hill, Bryant Gregory and Charles Adley Gregory per capita.

Charles M. Hill, defendant-appellee and cross appellee, contends the distribution should be one-third of the residue to Charles Adley Gregory and Bryant Gregory, per capita, and two-thirds of the residue to Florence Evans, Hal Atchison, and Charles M. Hill per stirpes.

It is agreed by all parties concerned that Charles Adley Gregory and Bryant Gregory are entitled to receive one-third of the residuary per capita by virtue

39

of the last sentence of Paragraph Fifth which reads, "In the event of the death of any of the above mentioned sisters leaving surviving child or children, then the children shall receive the share of the deceased mother."

Because the three sisters named in Paragraph Fifth of the Will predeceased Maude E. Vadakin, we are called upon to interpret the second sentence of Paragraph Fifth which provides, "In the event of the death of any of my three (3) sisters above named leaving no surviving child or children, then the share of the deceased sister shall be divided equally among the surviving sisters and the surviving child or children of other deceased sisters." In other words, we must determine the proper distribution of two-thirds of that portion of the estate passing under Paragraph Fifth of the Will of Maude E. Vadakin.

In the construction of wills the established principle which has been universally received and repeated in virtually every will construction case is that the intention of the testator will prevail and effect will be given to that intention unless it is contrary to some established rule of law or public policy. (McGlothlin v. McElvain, 407 Ill 142, 95 NE2d 68; Dahmer v. Wensler, 350 Ill 23, 182 NE 799.)

The intention is not that which by inference may be presumed to have existed in the mind of the testator but that which by the words used in the will has been expressed. (Pontius v. Conrad, 317 Ill 241, 148 NE 17, and Barnhart v. Barnhart, 415 Ill 303, 114 NE2d 378.)

The intention of the testator may be gathered from other well established principles of will construction. However, all rules of construction must yield to the intention of the testator as expressed in the will.

40

■■■■■■

(Harris Trust & Savings Bank v. Jackson, 412 Ill 261, 106 NE2d 188.) We confine our statement of those principles to those we believe to be pertinent here.

■ The testator's intention must be gathered from the will as a whole and consideration given to all of its paragraphs and clauses and in doing so every word must be considered unless manifestly meaningless. (Jackman v. Kasper, 393 Ill 496, 66 NE2d 678; Carlin v. Helm, 331 Ill 213, 162 NE 873.)

■ In ascertaining the intention of the testator courts may consider the circumstances surrounding the testator when the will was made so as to place itself in the position of the testator or maker. (Davidson v. Davidson, 2 Ill2d 197, 117 NE2d 769; Jackman v. Kasper, 393 Ill 496, 66 NE2d 678.)

■ The courts, in endeavoring to arrive at the true meaning and intention of the testator incline against any construction of the will which would give double portions to the partial exclusion of others whose claims are equally meritorious. (Jackman v. Kasper, 393 Ill 496, 66 NE2d 678.)

With these commonly accepted principles of construction in mind we must from them endeavor to determine from the language of the will the intention of Maude E. Vadakin at the time of its execution and at the time she executed her codicil to the will.

As we have previously stated the codicil in no wise materially affected the provisions of Paragraph Fifth of the will. In that regard the surrounding circumstances were altered only to the extent that the three sisters specifically named in Paragraph Fifth had died since the execution of the will and before the making of the codicil.

It is apparent that the primary intention of Maude E. Vadakin as expressed in her Will at the time of the

41

execution of her Will was to care for her then living sisters. She must have been fully aware at this time that it was highly probable that her sisters, Clara Rose and Gertrude Van Arsdol would not be survived by a child or children and equally probable that her sister, Florence Gregory, would be survived by Bryant Gregory and Charles Adley Gregory.

She too, must have been aware that Florence Evans, Hal Atchison and Charles M. Hill, children of her two deceased sisters, Viola Etta Atchison and Elizabeth Artless Hill, were alive at the time of the execution of the Will.

By another provision of her will she had left Florence Evans and Hal Atchison each five hundred dollars and more substantial legacies to Charles Adley Gregory and Bryant Gregory.

At the time of the execution of the Will her then living sisters named in Paragraph Fifth were from 7 to 13 years her senior. It was quite conceivable that some or all of them might well predecease the testator, creating the need for the contingencies contained in Paragraph Fifth of the Will. By the last sentence of Paragraph Fifth she wished the share of her sister, Florence Gregory, to be divided between Florence's children, Bryant Gregory and Charles Adley Gregory.

Likewise, the testator no doubt fully realized the possibility that her sisters, Clara Rose and Gertrude Van Arsdol, both widowed and childless, would likely predecease her. Thus, she made provision for that contingency by the second sentence of Paragraph Fifth. She no doubt intended to provide for division of at least two-thirds of that portion of her estate passing under Paragraph Fifth of her Will.

Again, wishing to care for her sisters or any of them who did survive her, she made provision for dividing equally that two-thirds portion of her residuary estate between her then surviving sisters and

the surviving child or children of *other* deceased sisters.

■ By not referring, as she had in other instances in Paragraph Fifth, to the *above named sisters* and instead referring to *other deceased* sisters, we conclude that Bryant and Charles Adley Gregory would necessarily not be included as children of other deceased sisters. Thus her plain intention, in view of the surrounding circumstances, was that she intended to leave some portion of her estate to the child or children of sisters not named in the Will who were at that time the only other living nieces and nephews of the testator.

Any other interpretation would require that we give no effect to the plain meaning of the word "other," or we would be compelled to add words not appearing in the will.

Webster's Third New International dictionary defines the word "other" to mean, "Being the one (as of two or more) left," and "Being the ones distinct from those first mentioned, (not the same: different)."

Defendants Bryant Gregory and Charles Adley Gregory, as counterclaimants-cross appellants, assert that they are entitled to the entire residuary estate under Paragraph Fifth of the will per capita.

They state that the children of Viola Etta Atchison and Elizabeth Artless Hill are not entitled to share in the residuary estate because their mothers were not specifically mentioned in the Will and had predeceased the testator at the time of its execution. As we have heretofore stated, such was not the intention of Maude E. Vadakin.

Cross-appellees cite In re Cohen's Estate, 116 NYS 2d 333; Gunnells v. Faulkner, 158 Ga 601, 123 SE 869; Furman v. Hunt, 169 Ill App 601; and Darden v. Bright, 173 Md 563, 198 A 431. None of these cases are determinative of the instant case.

43

Each of these cases cited by cross-appellees stands for the proposition that a descendant of a person of the same class as the named primary beneficiaries will not take by representation where the person of the same class was deceased at the time of the execution of the Will. These cases differ from the instant case in that the *children of other deceased sisters* do not take by representation but take under the specific language of the Will of Maude E. Vadakin.

Cross-appellants further urge that the provisions of Section 49 of the Probate Act (Ill Rev Stats, c 3, § 49) providing for distribution of lapsed legacies be applied We find that the provisions of that Act would only be applicable where the testator had made no provision in the Will for the contingency of lapsed devises or bequests to legatees or devisees. In the instant case such a provision for contingencies in the event of the death of the named sisters in Paragraph Fifth of the Will was expressly made.

Bryant Gregory and Charles Adley Gregory as appellees, in the alternative, contend that they should share in the two-thirds of the residuary estate per capita with Florence Evans, Hal Atchison and Charles M. Hill. In view of what we have already said with reference to the construction of Paragraph Fifth we find this contention is without merit.

This brings us to the question of the distribution of that portion of the residuary estate under the second sentence of Paragraph Fifth of the will.

Numerous authorities have been cited as to the proper interpretation to be placed upon the words in the second sentence of Paragraph Fifth, "then the share of the deceased sisters shall be divided equally among the surviving sisters and the surviving child or children of other deceased sisters."

Cases cited range from Pitney v. Brown, 44 Ill 363, through Smith v. Thayer, 28 Ill2d 363, 192 NE2d 375.

44

In the early case of Pitney v. Brown, the strict rule in Jarman on Wills, Vol 2, p 111, was followed. The rule provides that a bequest to a person described as standing in a certain relationship to the testator and to the children of another person standing in the same relationship, such as a bequest to my brother A and the children of my brother B, indicates an intention on the part of the testator that A take only a share equal to that of one of the children of B.

Such per capita distribution seems to have been followed in this state until Dollander v. Dhaemers, 297 Ill 274, 130 NE 705. In that case the court, in recognizing an unequal degree of relationship between the specified devisees and the children of another of equal relationship, held that this amounted to at least a slight intention not to distribute per capita and therefore ordered that the children as a class would take per stirpes.

The rule announced in Dollander v. Dhaemers has been consistently followed in Palmer v. Jones, 299 Ill 263, 132 NE 567; Dahmer v. Wensler, 350 Ill 23, 182 NE 799; Schroeder, Exr. v. Benz, 9 Ill2d 589, 138 NE2d 496, and other cases, unless an intention to the contrary has been expressed in the Will as was the case in Northern Trust Co. v. Wheeler, 345 Ill 182, 177 NE 884.

We find no expression of a contrary intention in Maude E. Vadakin's Will. Thus, the surviving child or surviving children of a deceased sister not named under Paragraph Fifth would take a share equal to the share of a surviving named sister.

We therefore hold that the class "the surviving child or children of other deceased sisters" takes a per stirpes share of the two-thirds portion of the estate passing under Paragraph Fifth of the Will.

There seems to be no disagreement between the plaintiffs-appellants, Florence Evans and Hal Atchi-

45

son, and the defendant-appellee, Charles M. Hill, that as a class they take per stirpes.

As a result of the death of all the named sisters in Paragraph Fifth of the will and in view of what we have heretofore said in this opinion the children of other deceased sisters, namely, Florence Evans, Hal Atchison and Charles M. Hill will take all of the two-thirds of the residuary estate contemplated by the second sentence of Paragraph Fifth of the will.

Florence Evans and Hal Atchison contend that the distribution of this two-thirds of the residuary estate as among themselves as a class should be distributed per capita among the two of them and Charles M. Hill.

Charles M. Hill on the contrary contends that this two-thirds of the residuary estate should as among themselves as a class be divided between himself and Florence Evans and Hal Atchison per stirpes.

We find no authority cited by any of the parties to this appeal or through any independent research where this precise situation has arisen wherein all persons in a certain relationship to the testator are deceased at the time of the taking effect of the will so that the entire residuary estate is taken by persons standing in an unequal degree of relationship per stirpes.

■ ■ We find nothing in the will that would manifest any intent on the part of the testator to give preference to Charles M. Hill. As nieces and nephews they all stand in the same degree of relationship to the testator and as stated in Dollander v. Dhaemers, 297 Ill 274, 130 NE 705, where parties stand in an equal degree of relationship to the testator the courts will order a division per capita.

To conclude otherwise would in effect give tacit approval of a taking by representation which has been disavowed by Charles M. Hill in his briefs.

46

The rule as stated by Jarman on Wills (Vol 2, p 111) is, "When a legacy is to the children of several persons they take per capita, and not per stirpes."

In First Nat. Bank of Chicago v. Cherrier, 311 Ill App 214, 35 NE2d 710, it was said, ". . . the law in this State is that Jarman's per capita rule will prevail unless there is a 'faint glimpse' of a different intention in the context . . . ."

Appellants objections to the allowance of certain attorney's fees need not be considered in that they were withdrawn from consideration.

We conclude that the distribution among Hal Atchison, Florence Evans and Charles M. Hill should be per capita of the two-thirds of the residuary estate and that plaintiffs-appellants Evans' and Atchison's contention for distribution should be followed.

The decree of the Circuit Court of Moultrie County is affirmed in all respects except for the distribution ordered under Paragraph Fifth of the will and in that respect the decree is reversed and remanded to enter an appropriate decree in compliance with the views herein expressed.

Affirmed in part and reversed and remanded in part with directions.

SMITH, J., concurs.

CROW, P. J., dissents.