*In re* ESTATE OF ROBERT J. APPEL, Deceased—CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Petitioner, *v.* BRUCE APPEL *et al.*, Respondents-Appellants—(HAROLD MILLER *et al.*, Respondents-Appellees.)

(No. 57782;

First District (4th Division)—July 11, 1973.

Henry L. Mason, III, of Chicago, (Sidley & Austin, of counsel,) for appellants.

Ira D. Schultz, of Chicago, (Sidney Z. Karasik, of counsel,) for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Cook County entered pursuant to a petition by the Continental Illinois National Bank and Trust Company of Chicago as executor of the will of Robert J. Appel, deceased. The petition sought instructions as to whether the burden of taxes on the estate of the deceased should be apportioned between the bequests set forth in Articles V and VI of the will, or whether the burden should be borne solely by the bequests set forth in Article VI.

The issue on review is whether the bequest in Article V is a specific bequest or whether it is part of the residuary estate which is subject to taxes and expenses.

Robert J. Appel died testate on January 7, 1971, in Chicago, Illinois, and his last will was admitted to probate on March 18, 1971. The relevant portions of the will are as follows:

"Article II

All inheritance, estate, and succession taxes (including interest and penalties thereon) payable by reason of my death shall be paid out of and be charged generally against the principal of my residuary estate without reimbursement from any person.

Article V

If my residuary estate shall contain any shares of stock of Carters Nationally Famous Jewelers, Inc., an Illinois corporation * * * I give and bequeath such shares, in equal parts to Harold and Rita Miller, jointly * * *.

Article VI

I devise and bequeath all my residuary estate, being all property wherever situated in which I may have any interest at the time of my death not otherwise effectively disposed of, but not including any property over which I may have power of appointment, as follows * * *."

The trial court determined that Article V was a specific bequest and the language "if my residuary estate shall contain any shares of stock" was descriptive of the rest of the bequest, and the gift was not part of the residuary estate defined in Article VI from which all debts, expenses and taxes were to be paid by the terms of Articles I and II.

■■ The legatees under Article VI contend that Article V cannot be construed as being a specific bequest because it was not included in the list of specific bequests contained in Article IV, but those bequests were all monetary in nature and were not conditional in any way. On the other hand, the Article V bequest was a gift of a particular item, not money from a general fund, and it was conditioned on the existence of the item at the time of the testator's death. It thus meets the definition of a specific bequest. *In re Estate of Bèrman* (1963), 39 Ill.App.2d 175; *Allen v. National Bank of Austin* (1958), 19 Ill.App.2d 149.

Second, the Article VI legatees maintain the language of the will does not indicate a specific bequest because the words "if my residuary estate shall contain any shares of stock" can only mean the testator intended to refer back to Articles I and II, thereby making clear that for purposes of taxes and expenses the stock was to be viewed as included within the residuary estate. They argue that to ignore the reference to the residuary estate would violate the basic principle of testamentary construction that the testator's intention must be gathered from the will as a whole and every word must be considered unless manifestly meaningless. *Evans v. DeBruler* (1964), 49 Ill.App.2d 35.

The Article VI legatees further contend that not including the Article V bequest in the taxable residuary estate results in a violation of the basic principle that words occurring more than once in a will should be given the same meaning throughout unless the intention to use the words in a different sense is clear and beyond question. (*Abrahams v. Sanders* (1916), 274 Ill. 452.) The term "residuary estate" is used four times in the will. In Articles I and II it describes the assets from which taxes and expenses are to be paid. In Articles V and VI it describes assets from which bequests are to be made. They assert that nothing in the will indicates the term was used in Article V in a sense different from its meaning in the three other articles of the will and characterize the language at the beginning of Article VI where the residuary estate is defined as "all property * * * not otherwise effectively disposed of" as being mere "boilerplate."

■■ These arguments concerning the construction of the language are not persuasive. The Article VI legatees contend every word must be considered unless manifestly meaningless, yet they choose not to give any effect to the definition of residuary estate found in Article VI.

Furthermore, they assert the term "residuary estate" must be construed the same way in each place it is used, and ignore the explicit definition in Article VI which necessarily excludes the Article V bequest because it includes only that property "not otherwise effectively disposed of." The Article VI legatees maintain the only reason for the term "residuary estate" in Article V is to make clear the appropriate placement of the tax burden; however, if the testator had intended this result, he could easily have stated it in an explicit manner. We believe the testator included the term in Article V merely to identify the particular asset rather than indicate an apportionment for taxes and expenses.

■■ Third, it is contended that any doubt about the testator's intent should be resolved against relieving the stock of its proportionate share of taxes and expenses. In the case of *In re McDonald's Estate* (1942), 314 Ill. App. 148, cited by the Article VI legatees, the court held that inheritance taxes are to be paid by each legatee and devisee under the will, and if the testator intends to shift the burden, he must do so by clear language. That case is not applicable here because the testator clearly stated in Article II that his residuary estate should pay the taxes.

■■ Finally, the Article VI legatees assert that if the entire tax burden is placed on Article VI, the bequests in that Article would amount to little more than a "gracious but futile gesture," and there should be an evidentiary hearing to show the testator's relationship to members of his family who are legatees under Articles V and VI. We believe the language of the will indicates the testator intended to make a specific bequest of the stock to the named beneficiaries in Article V, and an evidentiary hearing would not add anything to that determination.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and JOHNSON, J., concur.