In re ESTATE OF HERMAN HENRY FLEER, Deceased.

IRA D. SCHULTZ, Guardian-ad-Litem for certain minor legatees of HERMAN HENRY FLEER, Deceased, Respondent-Appellant, *v.* ELMHURST COLLEGE et al., Respondents-Appellees—(BENJAMIN H. FLEER et al., Executors of the Last Will of HERMAN HENRY FLEER, Deceased, Petitioners.)

(No. 59169; ■■■■)

First District (2nd Division)—June 25, 1974.

Ira D. Schultz, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Goebel and Kal, of Chicago, for appellee Elmhurst College.

Kennedy, Golan, Morris, Spangler & Greenberg, of Chicago, for appellee The Salvation Army.

Mayer, Brown & Platt, of Chicago, for appellees American Cancer Society and Chicago Heart Association.

John Mulder, of Chicago, for appellee Fourth Presbyterian Church.

Mr. JUSTICE DOWNING delivered the opinion of the court:

This is an appeal involving a probate matter. Insufficient funds existed in the decedent's estate with which to fulfill all of the bequests made under the decedent's will. The executors of decedent's estate petitioned the court below for instructions with respect to distribution of the estate. The *guardian ad litem,* who had been appointed to represent certain minor legatees named under the will, appeals from an order entered in the court below proportionately abating certain legacies under two separate articles of the will to two different groups of legatees.

The pertinent facts may be summarized as follows. The decedent, Herman Henry Fleer, died on January 28, 1969, and his will was admitted to probate March 20, 1969. Article I of the will provided that payment of expenses of last illness, the costs of decedent's funeral, and the administration of the estate were to be made from the principal of the residuary estate. Article II provided that death taxes were to be paid

out of the residuary estate. Article III provided specific bequests of certain items of decedent's personalty to his relatives and to Elmhurst College. Article IV provided dollar amount bequests, totalling $414,000, to the testator's brother and certain other relatives, including nieces, a nephew, grandnieces, and grandnephews. Article V provided dollar amount bequests, totalling $90,000, to five eleemosynary institutions: $50,000 to Elmhurst College, and $10,000 each to the Salvation Army, the Chicago Heart Association, the American Cancer Society, and the Fourth Presbyterian Church of Chicago, Illinois. Article VI provided for the disposition of decedent's residuary estate.

After the appointment of the *guardian ad litem* for certain of the minor legatees provided for in Article IV, and after the assets of the estate were found to be insufficient to pay all of the will's legacies in full, the executors petitioned the probate division for a finding that the legacies under Article V should abate in full prior to the abatement of the legacies under Article IV; and that the executors be given leave to distribute the remaining assets, after payment of taxes and so forth, to the legatees under Article IV pro rata in the proportions of their legacies.

The court below entered an order stating that if abatement was necessary on the distribution of the estate, the general legacies in Articles IV and V were to abate proportionately.

The sole issue on review, raised by the *guardian ad litem,* is whether the order entered in the court below, abating the legacies proportionately, was erroneous, in that the order was contrary to what was alleged to have been the intention of the testator with respect to abatement.

## I.

The *guardian ad litem* contends on appeal that the testamentary scheme of disposition set forth in the instant will manifested an intent by the testator to prefer the natural objects of his bounty over the bequests he made to the eleemosynaries involved herein. Consequently, it is urged, the testator intended, in the event abatement became necessary, that the legacies to the eleemosynaries should have been eliminated prior to prorating any reduction in the general bequests to the testator's relatives. The testator's preference for his relatives, it is claimed, was evident from the face of the will, by virtue of the order and manner in which the bequests were made; the use of certain terms of endearment with respect to the testator's relatives; the use of terms of obligation with respect to certain of his relatives; and the bequeathment in Article VI, the residuary article, of far greater percentages of his estate to relatives than to the eleemosynaries mentioned therein.

Section 291(b) of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 291(b)) provides:

> "(b Unless otherwise provided by the will, when the estate of a testator is insufficient to pay all devises and all legacies under his will, specific devises and legacies shall be satisfied pro rata before general devises and legacies, and general devises and legacies shall be satisfied pro rata without any priority in either case as between real and personal estate."

■■ The legacies involved in the matter at bar, those in Articles IV and V, are general legacies, in that they are designated primarily by quantity or amount and may be satisfied out of the general assets of the testator, without the necessity of delivering any particular chattel or fund to the legatee. *In re Estate of Berman* (2d Dist. 1963), 39 Ill.App.2d 175, 178, 187 N.E.2d 541.

■■ It is clear to us that while the above-quoted provision of the Probate Act provides that general legacies abate proportionately where an estate is insufficient to pay all legacies unless a contrary intention is provided in a will, that contrary intention must be set forth in the will and cannot be derived from such inferences as the *guardian ad litem* seeks to draw here. In *Rexford v. Bacon* (1902), 195 Ill. 70, a case upon which the appellant relies, wherein the testatrix set down in her will a definite and well defined scheme of preference, our supreme court stated, at page 78 of the opinion:

> "Where the testatrix has laid down and carried out a consistent scheme of distribution throughout, it will not be disturbed by the courts unless they are compelled to do so by the very terms of the will or codicil."

This court, in *In re Estate of McDonald* (2d Dist. 1942), 314 Ill.App. 148, 151-152, 41 N.E.2d 128, discussed some of the principles which must guide us in the resolution of the issue presented on this appeal:

> "A preference or priority may be given a legatee of a general legacy if the intention of the testator to give such preference appears beyond dispute by the terms of the will. Rood on Wills, p. 497, par. 743 (General Legacies). Redfield—Law of Wills—(3 Ed. 1869), vol. 2, p. 450, sec. 7; and p. 454, sec. 13 (on Priority of Payment of Legacies).
>
> The order in which legacies shall abate may be controlled by direction of the testator expressed in his will. Ordinarily a testator will be deemed to have acted upon the belief that his estate would be sufficient to answer the purposes to which it is devoted. If the chances of deficiency are anticipated and provided for by the

terms of the will, then the directions of the testator will govern, and the legatee or legatees to be preferred will so be, and the loss must be borne by those who by the terms of the will of the testator are designated to bear such loss. Thus, we find that a testator may give preference to certain legatees over others, and such directions must be followed. Commentaries on Wills (Alexander), vol. 2, p. 1020, par. 691.

A testator can discriminate as between or among those who take under his will, and prefer one to another, in the event the funds of the estate shall be exhausted prior to the payment of all the legacies. * * * An unexpected shrinkage in the estate of a testator not infrequently occurs after he has made his will, and before his death or before his estate can be put in shape for settlement. If the shrinkage is substantial, there may not be enough in the estate to pay the legacies in full after satisfaction of the debts. Therefore, testators frequently provide against such a contingency by prescribing the order in which legacies shall be satisfied. In the absence of such provision, general legacies suffer and abate pro rata."

■■ We find, after having reviewed the instant will and the arguments presented by the *guardian ad litem*, that the order entered in the court below was not erroneous, as the decedent's will failed to provide for a scheme of disposition contrary to that set down in section 291(b) of the Probate Act. In his brief and on oral argument, the *guardian ad litem* placed great reliance upon *Moody Bible Institute v. Pettibone* (1st Dist. 1937), 289 Ill.App. 69, 6 N.E.2d 676, which stood, in part, for the proposition that, as a general rule, legacies to relatives, who are otherwise unprovided for, are given preference over other legacies to those who have no natural claim on the testator's bounty. We have read the *Moody* case, and find that, in view of the totality of the circumstances in the matter at hand, the case is unpersuasive.

For these reasons, then, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

STAMOS and LEIGHTON, JJ., concur.