Cuba NORRIS, Personal Representative of the Estate of Dan Norris, deceased, Petitioner-Respondent,

v.

George E. NORRIS, et al., Respondents-Appellants.

No. 68976.

Supreme Court of Missouri, En Banc.

June 16, 1987.

Rehearing Denied July 14, 1987.

John R. Courtney, Jeffrey D. Keiser, Springfield, for respondents-appellants.

B.H. Clampett, William A.R. Dalton, Springfield, for petitioner-respondent.

BILLINGS, Judge.

Suit to construe will. The Circuit Court of Taney County, Probate Division, heard extrinsic evidence and ruled that the phrase "tangible personal property" in the testator's will meant all of his personal property, both tangible and intangible. The court of appeals affirmed by memorandum opinion. Transfer was granted. Reversed and remanded.

Article II of the will provided:

I devise all of my tangible personal property to my wife, Cuba Norris, if she survives me. If my said wife does not survive me, said property shall pass pursuant to Article IV herein.

Article IV read as follows:

I devise all of the rest and residue of my property, hereinafter called my residuary estate, to the following persons in the following amounts: [relatives of testator]

The inventory listed personal property consisting of certificates of deposit, checking accounts, stock certificates, and two uncashed checks payable to testator.

Cuba Norris, widow of the testator and personal representative of the estate, filed a petition for construction of Article II, alleging she was uncertain as to the meaning of the words "tangible personal property" and uncertain as to what assets should be included in the bequest to Cuba Norris.

Over objection of appellants, the trial court permitted Cuba Norris to testify in order that the trial court could determine the testator's "true intent" in using the phrase "tangible personal property" in Article II. The lower court concluded "the true intent of the testator to be that all property be devised to his wife, Cuba Norris."

It is evident that the will was professionally prepared and resulted from tax advice to the testator, a banker, and his wife.

A testator's intention must be ascertained from the whole will and words with a well-known technical meaning should be construed according to their technical meaning unless a contrary meaning clearly appears from the context of the will. *St. Louis Union Trust Co. v. Kaltenbach,* 186 S.W.2d 578, 581–82 (Mo.1945). The phrase "tangible personal property" has a clear and definite meaning. It admits of no ambiguity. The phrase can be found in our Constitution, statutes, and cases.

Personal property can be either tangible or intangible. Tangible personal property is property which may be felt or touched; such property as may be seen, weighed, measured, and estimated by the physical senses. Conversely, intangible personal property is that which has no intrinsic and marketable value, but is merely the representative or evidence of value, such as certificates of stock, bonds, promissory notes, and franchises. *In re Estate of Berman,* 39 Ill.App.2d 175, 178, 187 N.E.2d 541, 544 (1963); *In re Estate of Macfarlane,* 313 Pa.Super. 397, 403, 459 A.2d 1289, 1291 (1983); 73 C.J.S. Property § 15 (1983); Black's Law Dictionary 726, 1306 (5th ed. 1979).

Because the intent of the testator was that his wife was to receive only the tangible personal property and the remainder of his personal property would pass under Article IV, the trial court erred in conducting a hearing on the testator's "true intent" and further erred in its conclusion and judgment.

Judgment reversed and remanded for entry of judgment against the petitioner and

in favor of the appellants in accordance with this opinion.

All concur.