FIFTH DIVISION

Filed: 12/31/97

No. 1-96-3861

ARCHER DANIELS MIDLAND COMPANY; BEST )  APPEAL FROM THE

FOODS, a unit of CPC International, )  CIRCUIT COURT OF

Inc.; FORD MOTOR COMPANY; LTV STEEL )  COOK COUNTY

COMPANY; and PRECOAT METALS DIVISION )

of SEQUA CORPORATION, )

)

Plaintiffs-Appellants, )

)

v. )

)

CITY OF CHICAGO; PEOPLES GAS LIGHT AND )

COKE COMPANY; and JUDITH C. RICE, )

Revenue Director of the City of Chicago, )  HONORABLE

)  ALEXANDER P. WHITE,

Defendants-Appellees. )  JUDGE PRESIDING.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court: 

We are called upon in this appeal to determine whether the Chicago Gas Use Tax Ordinance (Ordinance), which imposes a tax on the use or consumption of natural gas purchased at retail, is an invalid occupational tax under the provisions of Art. VII, section 6(e) of the Illinois Constitution (Ill. Const. 1970, art. VII, sec. 6(e)) and, if it is not, whether the tax, nonetheless, violates the uniformity clause of the Illinois Constitution (Ill. Const. 1970, art. IX, sec. 2).  For the reasons which follow, we determine that the subject tax is a valid tax upon the use and consumption of a tangible commodity, and affirm the judgment of the circuit court.

Because this matter was disposed of at the trial level upon the defendants' motions to dismiss pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 1994)), the only question before this court is whether the dismissed counts state causes of action upon which relief can be granted.  
Burdinie v. Village of Glendale Heights
, 139 Ill. 2d 501, 565 N.E.2d 654 (1990); 
Janes v. First Federal Savings & Loan Association
, 57 Ill. 2d 398, 312 N.E.2d 605 (1974).  The issue is one of law and our review is 
de
 
novo
.  
Metrick v. Chatz
, 266 Ill. App. 3d 649, 651-52, 639 N.E.2d 198 (1994).

Prior to 1980, natural gas used in the City of Chicago (City) had to be purchased from a local public utility.  The gross receipts of these utilities are subject to the City's Municipal Occupation Tax (Occupation Tax) "imposed upon all persons engaged in the business of distributing, supplying, furnishing or selling gas for use or consumption within the corporate limits of the city ***."  Chicago Municipal Code, sec. 3-40-040 (1994).  Since the Illinois Public Utilities Act allows local public utilities to "pass through" such taxes to their customers (see 220 ILCS 5/9-221 (West 1994)), all purchasers of natural gas in the City paid the tax on their purchases during this time period.  

After federal deregulation of the natural gas industry through the Natural Gas Policy Act of 1978 (15 U.S.C. sec. 3301 
et
 
seq
. (1994)), large consumers of natural gas in Illinois began to purchase gas directly from sellers located in the gas producing states, rather than from local public utilities.  Under the provisions of the Commerce Clause of the United States Constitution (U.S. Const. Art. I, Sec. 8), out-of-state sellers are not subject to the Occupation Tax (
Caterpillar Tractor Co. v. Department of Revenue
, 47 Ill. 2d 278, 282, 265 N.E.2d 675 (1970)) and, accordingly, the City consumers purchasing gas from out-of-state utilities avoided paying the tax.  However, the City consumers who purchase their natural gas from local public utility companies continue to pay the Occupation Tax. 

On November 17, 1993, the Chicago City Council introduced  an ordinance, which taxes "the privilege of using or consuming in the city gas that is purchased in a sale at retail."  Chicago Municipal Code, sec. 3-41-030(A) (1994).  The Ordinance is not based on gross receipts or the price of natural gas but, rather, on the quantity of gas consumed by purchasers.  The tax rate is 1.5 cents per therm.  Chicago Municipal Code, sec. 3-41-030(A) (1994). 

To prevent multiple taxation, the retail purchaser of natural gas is exempt from taxation under the Ordinance if the seller of the gas is subject to the Occupation Tax on the sale of gas and that tax is passed through to the purchaser.  Chicago Municipal Code, sec. 3-41-030(E)(1) (1994).  In other words, purchasers required to pay the Occupation Tax pursuant to the pass through provisions of section 9-221 of the Illinois Public Utilities Act (220 ILCS 5/9-221 (West 1994)) are exempt from taxation under the Ordinance. In fact, the Ordinance specifically provides for a "complementary relation" with the Occupation Tax.  Chicago Municipal Code, sec. 3-41-040 (1994).     

The Ordinance provides that "[t]he ultimate incidence of and liability for payment on the tax is upon the retail purchaser," and "nothing in this chapter shall be construed to impose a tax on the occupation of distributing, supplying, furnishing, selling or transporting gas."  Chicago Municipal Code, sec. 3-41-030(B) (1994).  The Ordinance does not impose any tax collection duties on sellers or transporters of gas; rather, it authorizes the City to enter into a contractual arrangement with a local public utility as an independent contractor to collect the tax upon delivery to the retail purchaser.  Chicago Municipal Code, sec. 3-41-030(A)(1) (1994).  If the City enters into such an agreement, the retail purchaser pays the tax to the utility and the utility remits the tax to the City.  Chicago Municipal Code, secs. 3-41-030(C)(1), 3-41-050(A)(2) (1994).

It is undisputed that the City's Director of Revenue entered into a contract with People's Gas Light and Coke Company (People's Gas) to collect taxes imposed under the Ordinance and remit the funds to the City.  The plaintiffs in this action are large consumers of natural gas who purchase gas at retail outside of Illinois for use in their businesses in the City.  The gas is then delivered by interstate pipeline to People's Gas.  

According to the plaintiffs, once their natural gas is in the pipeline, it is fungible and indistinguishable from gas being transported to People's Gas customers who purchase their gas in the City.  The plaintiffs further allege that People's Gas includes the tax imposed by the Ordinance in its current billings for delivery of the plaintiffs' gas.  Based on the foregoing allegations, the plaintiffs contend in count I of the complaint that the Ordinance is an unconstitutional occupation tax under Article VII, section 6(e) of the Illinois Constitution since it has not been authorized by the General Assembly.  

The plaintiffs further allege in count II of the amendment to the complaint that, as purchasers of gas from out-of-state sellers, they pay both the tax imposed under the Ordinance and the Occupation Tax on gas transportation services provided by People's Gas.  They contend that the Ordinance violates the uniformity clause of the Illinois Constitution (Ill. Const. 1970, art. IX, sec. 2) because the tax creates a classification that is not based on a real and substantial difference between those parties taxed and those not taxed, and because the tax bears no reasonable relationship to the object of the legislation or public policy.

The plaintiffs presented additional arguments in counts III and IV of the amendment to the complaint under the Commerce Clause of the U.S. Constitution (U.S. Const., art. I, sec. 8) and sections 1983 and 1988 of the Civil Rights Act of 1871 (42 U.S.C. sec. 1983, 1988), respectively.  However, since the plaintiffs presented no arguments relevant to these issues in their appellate brief, they are waived on appeal.  134 Ill. 2d R.341(e)(7). 

We initially consider whether the plaintiffs' argument that the City's Ordinance is an unauthorized tax on the occupation of sellers of natural gas states a cause of action on which relief may be granted.  The City is a home-rule municipality.  See 
Landmarks Preservation Council v. City of Chicago
, 125 Ill. 2d 164, 178, 531 N.E.2d 9 (1988).  Our supreme court has stated that home rule units have the same powers as the sovereign, except where such powers are limited by the General Assembly.  
Triple A Services, Inc. v. Rice
, 131 Ill. 2d 217, 230, 545 N.E.2d 706 (1989).  The power to tax, one of the home-rule powers enumerated in Article VII, sec. 6(a) of the Illinois Constitution, is restricted by section 6(e) which states that "[a] home rule unit shall have only the power that the General Assembly may provide by law *** to impose taxes upon or measured by income or earnings or upon occupations."  Ill. Const. 1970, art. VII, sec. 6(e).  The plaintiffs contend that the Ordinance is invalid because it is an occupational tax not authorized by the General Assembly.    

The City counters that a tax cannot be an 'occupation' tax within the meaning of Article VII, section 6(e) unless it is imposed on businesses engaged in the occupation of selling the commodities or services taxed.  Ill. Const. 1970, art. VII, sec. 6(e).  Instead, the City argues the Ordinance here is a tax on the plaintiffs for tangible personal property which they purchase out-of-state but consume within the City.  

Our courts have defined tangible personal property to mean that which "may be seen, weighed, measured and estimated by the physical senses and which is capable of being possessed ***."  
In re Estate of Berman
, 39 Ill. App. 2d 175, 178, 187 N.E.2d 541 (1963).  Previous cases have ruled that sales of property in a gaseous state are tangible personal property.  See 
e.g.
 
Northwestern Steel & Wire Co. v. Department of Revenue
, 120 Ill. App. 3d 461, 458 N.E.2d 168 (1983) (gaseous oxygen is tangible personal property within the meaning of the Illinois Use Tax Act); 
Keystone Consolidated Industries, Inc. v. Allphin
, 45 Ill. App. 3d 714, 359 N.E.2d 1202 (1977) (oxygen and nitrogen are tangible person property).  We find no distinguishing factors between oxygen, nitrogen, and natural gas for purposes of this issue and, therefore, conclude that natural gas is also tangible personal property.  

A tax on tangible personal property is not an occupation tax so long as the ordinance enacting it declares that its legal incidence falls on the purchaser, rather than the seller.  
Illinois Gasoline Dealers Ass'n v. City of Chicago
, 119 Ill. 2d 391, 398-401, 519 N.E.2d 447 (1988).  Moreover, in order for a tax to be occupational within the meaning of article VII, section 6(e) of the Illinois Constitution, a plaintiff must establish that the tax regulates a given occupation, or imposes a tax for the privilege of engaging in a given occupation, or imposes a tax on the privilege of engaging in the business of selling services.  
Illinois Gasoline Dealers
, 119 Ill. 2d at 399-400.  The tax here is clearly on the consumer, or purchaser, of the gas, not the provider or transporter of the gas, as the tax amount is determined by the quantity of therms of gas purchased out-of-state by the plaintiffs for their consumption in the City.  Since the tax is clearly placed on the consumer,
 it is valid under Article VII, section 6(e) of the Illinois Constitution, and can in no way be construed as an unconstitutional service occupation tax upon a public utility.  Taking the verified facts alleged in the complaint as true and correct under the provisions of section 2-615 of the Code (735 ILCS 5/2-615 (West 1994)), we must reject the plaintiffs' allegations on this issue and affirm the trial court's judgment denying reconsideration of its dismissal of count I of the plaintiffs' complaint. 

We next address the plaintiffs' contention, presented in count II of the amendment to the complaint, that the Ordinance is unconstitutional under Article IX, Section 2 of the Illinois Constitution, 
ie
. the uniformity clause, which provides:

"In any law classifying subjects or objects of non-property taxes or fees, the classes shall be reasonable and the subjects and objects within each class shall be taxed uniformly.  Exemptions, deductions, credits, refunds, and other allowances shall be reasonable."  Ill. Const. art. IX, section 2.

"To survive scrutiny under the uniformity clause, a nonproperty tax classification must be based on a real and substantial difference between the people taxed and those not taxed, and the classification must bear some reasonable relationship to the object of the legislation or to public policy."  
Allegro Services, Ltd. v. Metropolitan Pier and Exposition Authority
, 172 Ill. 2d 243, 250, 665 N.E.2d 1246 (1996).  The plaintiff challenging a classification has the burden of showing that it is arbitrary or unreasonable. 
Geja's Cafe v. Metropolitan Pier and Exposition Authority
, 153 Ill. 2d 239, 248, 606 N.E.2d 1212 (1992).  A tax classification must be upheld if any statement of facts can be conceived that would reasonably sustain the classification.  
Geja's Cafe
, 153 Ill. 2d at 248.  

The uniformity clause was designed to enforce minimum standards of reasonableness and fairness as between groups of taxpayers.  
Geja's Cafe
, 153 Ill. 2d at 252.  The plaintiffs allege that the Ordinance violates the uniformity clause because the tax creates a classification that is not based on a real and substantial difference between those parties taxed and those not taxed, and because the tax bears no reasonable relationship to the object of the legislation or public policy.  However, we conclude that the standards of reasonableness and fairness have been met in this case.  The Ordinance applies to those consumers who purchase natural gas from out-of-state sellers and, therefore, are not subject to the Occupation Tax imposed upon local retail purchasers who buy from People's Gas.  Chicago Municipal Code sec. 3-41-030(E).  The Ordinance is, therefore, consistent with tax uniformity principles because these out-of-state purchases would otherwise escape taxation completely.  See 
e.g.
 
IBM Corp. v. Korshak
, 34 Ill. 2d 595, 600-05, 217 N.E.2d 794 (1966).  The Ordinance ensures that all consumers of natural gas in the City are subject to tax regardless of whether the gas is purchased from People's Gas or from out-of-state sellers.   

There are other distinct classifications between those who purchase gas from People's Gas and those consumers, such as the plaintiffs, who purchase gas from an out-of-state supplier.  First, the plaintiffs only utilize People's Gas to deliver their gas; however, the People's Gas customers in the City that are exempt from the Ordinance pay, not only for delivery, but also for the additional costs incurred by People's Gas in acquiring the gas and for other services typically provided by a public utility.  Compare  
Waukegan Community Unit School District 60 v. City of Waukegan
, 95 Ill. 2d 244, 447 N.E.2d 345 (1983).  We hold that the classification between those subject to the Ordinance and those not subject to the tax is neither arbitrary nor unreasonable. 

The plaintiffs make the additional claim that the rate of the City's Ordinance on their out-of-state gas purchases, 1.5 cents per therm, "has been, and may frequently be higher than" the rate of the City's Occupation Tax on gas sales, which is 8% of gross revenues, depending on whether the pre-tax, market price of gas rises or falls.  The plaintiffs' allegations are speculative and unsupported and, accordingly, are insufficient to support the conclusion that the Ordinance is not based on real and substantial differences between those taxed by the Ordinance and those not subject to the tax.  We conclude that the plaintiffs have not alleged sufficient facts to support their legal conclusion that the Ordinance violates the uniformity clause of the Illinois Constitution.  Therefore, we affirm the trial court's judgment dismissing count II of the amendment to the complaint. 

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed. 

THEIS and HOURIHANE, JJ., concur.